## McLENIGAN v. GRYMES, Colonel of U. S. Army.

### No. 182.

District Court, M. D. Pennsylvania.

April 3, 1945.

Donald B. Cahoon, of Scranton, Pa., and Charles Edwin Wallington, of Philadelphia, Pa., for petitioner.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., and Major Joseph D. Hughes, Pennsylvania State Selective Service Headquarters, of Harrisburg, Pa., for respondent.

WATSON, District Judge.

The petitioner, Michael F. McLenigan, an inductee into the United States Army, avers, inter alia, in his petition for a writ of habeas corpus that he is wrongfully in the custody and subject to the command of the respondent, for the reason that he was

inducted by Local Board No. 8 in the City of Baltimore, Maryland, which Board was without jurisdiction over him. A rule to show cause why the prayer of the petition should not be granted was entered, hearing was held thereon, and the matter is now before the Court for disposition.

From the evidence the following appears: Petitioner was a resident of Philadelphia on October 16, 1940. His wife and children were living there and he voted there. He was, however, at that time in the employ of the United States Government in its Social Security Department in Baltimore, Maryland, where he stayed during the week, returning to his family in Philadelphia over week-ends. On October 16, 1940, he appeared for registration in a sub-division of the State of Maryland under the rules prescribed by the President of the United States in pursuance of the requirements of the Selective Training and Service Act of September 16, 1940, 50 U.S.C.A.Appendix § 301 et seq., and gave his address as 2525 Maryland Avenue, Baltimore, Maryland. Upon presentation to him by his interviewer of the registration card for petitioner's signature, after Baltimore address had been filled in by the interviewer, petitioner placed his signature on the card immediately after the following statement: "I affirm that I have verified above answers and that they are true."

In the years following several communications passed between Local Board No. 8 in Baltimore and the petitioner. In April 1941, petitioner submitted a questionnaire in which he set down both the Baltimore address and the Philadelphia address. In March 1942, petitioner sent a letter advising the Board of a change in the Philadelphia address from W. Fishers Avenue to W. Lycoming Street.

On February 23, 1945, no objection to the jurisdiction of Local Board No. 8, Baltimore, Maryland, having been made in the meantime, and no appeal from any action of the Board having been taken, petitioner was inducted under the Maryland quota. It is to this induction that petitioner objects, maintaining that he is a citizen of Pennsylvania and has, therefore, a right to be inducted under the Pennsylvania quota.

Reference is made by the petitioner to the communications mentioned above advising Local Board No. 8, Baltimore, of his change of address in Philadelphia. By no stretch of the imagination can this information be construed to be an objection to the jurisdiction of or an appeal from any action of Local Board No. 8 in Baltimore. Petitioner was required by law to notify the Board of any change in address and his whereabouts. Petitioner does not contend that he at any time took any steps to question the jurisdiction of Local Board No. 8 at Baltimore other than by a letter to that Board requesting to be transferred to Local Board No. 68 in Philadelphia. The forms requesting transfer were made out by Local Board No. 68, signed by the petitioner, forwarded to Board No. 8 in Baltimore, and returned to Local Board No. 68 in Philadelphia. Such transfer at petitioner's own request is made as an accommodation to avoid hardship in compelling a man to return to a distant place where he is not residing at the time of induction, though his original permanent registration card is on file in such distant place. Well over four years passed between the date of petitioner's registration and the date of his induction and there is no record or evidence of any appeal to the Selective Service Board of Appeal or objection to the jurisdiction of Local Board No. 8 in Baltimore until March 1945, when this Court was requested to intervene. It is fundamental that for habeas corpus to lie "it must first appear that the registrant has exhausted his administrative remedies under the Act." Rase v. United States, 6 Cir., 129 F.2d 204, 207; Johnson v. United States, 8 Cir., 126 F.2d 242.

Petitioner cannot complain that he was ignorant of the facts or law governing his registration. As has been stated by the Court in Ex Parte Tinkoff, D.C., 254 F. 222, 224: "Neither the boards, after the time expired, nor this Court, by habeas corpus, can base actions in the applicants' favor because of alleged ignorance of facts or law. They are conclusively held to knowledge of both."

Petitioner was free to designate on his registration card any place he desired as his residence. He verified on the card his address as 2525 Maryland Avenue, Baltimore, Maryland. No appeal was taken through the Selective Service System, and this Court is without jurisdiction. The petition for a writ of habeas corpus should be dismissed.

The rule to show cause why the prayer of the petition should not be granted entered March 15, 1945, is discharged; the

prayer of the petition for a writ of habeas corpus is denied and the petition is dismissed.

It is further ordered that the respondent, Herbert L. Grymes, retain the custody of Michael F. McLenigan for seven days from this date, or until 12:00 o'clock noon on the Tenth day of April, 1945, unless otherwise ordered by the Court before which the proceedings in this case are then pending.