## VAN BIBBER v. UNITED STATES.

### No. 13029.

Circuit Court of Appeals, Eighth Circuit.

Oct. 17, 1945.

445

Thomas Houston Van Bibber, pro se (J. W. Barron, of Little Rock, Ark., appointed by the Court, with him on the brief).

Sam Rorex, U. S. Atty., and W. H. Gregory and Warren E. Wood, Asst. U. S. Attys., all of Little Rock, Ark., for appellee.

Before WOODROUGH, JOHNSEN and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant was convicted by a jury and sentenced to two years imprisonment, under the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C.A.Appendix, § 301 et seq., for knowingly failing to obey an order of his selective service system lo-

cal board to report on May 30, 1944, for induction into military service.

The questions involved in his appeal have been duly answered by the Supreme Court's decisions in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (rehearing denied 321 U.S. 802, 64 S.Ct. 517, 88 L.Ed. 1089, and second petition for rehearing denied 322 U.S. 770, 64 S.Ct. 1147, 88 L.Ed. 1595), and Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917, and by the decision of this Court in Bronemann v. United States, 8 Cir. 138 F.2d 333.

These cases hold, without qualification, that the fact that a registrant under the Selective Training and Service Act has erroneously or arbitrarily been denied a particular classification by his local board, or been reclassified from one status to another, is not a matter which is open to proof or consideration in a prosecution for knowingly failing to obey an order of the board to report for induction. Under the purposes and processes of the Act, a registrant cannot have the propriety of his classification or the basis of the board's action reviewed in such a prosecution.

Where a registrant disagrees with his board's classification and desires to have it changed, he must resort to the administrative remedies afforded him by the Act and the Selective Service Regulations at that stage of the selective process. See 50 U.S.C.A.Appendix, § 310(a) (2). "The registrant may," as the Falbo case points out, 320 U.S. at page 552, 64 S.Ct. at page 348, 88 L.Ed. 305, "contest his classification by a personal appearance before the local board, and if that board refuses to alter the classification, by carrying his case to a board of appeal, and thence, in certain circumstances, to the President." If he does not resort to these administrative remedies, or if his efforts to change his classification fail, he has no legal right to refuse to obey an order of his board to report. Only when he has exhausted his administrative remedies, has been ordered by his board to report for induction, has obeyed that order, and has been finally accepted for service, are the doors of the courts open to him to test the legality of his classification. In the language of the Billings case, 321 U.S. at page 558, 64 S.Ct. at page 746, 88 L.Ed. 917, "Unless he follows that procedure he may not challenge the legality of his classification in the courts." Under these conditions only,

and only when in addition his classification actually rests upon an arbitrariness which would make his final induction a violation of the standards of due process, is he entitled to resort to the courts for protection, through invocation of the fundamental writ of habeas corpus. Bronemann v. United States, 8 Cir., 138 F.2d 333, 337.

In the present case, appellant admittedly refused to report to his board for final acceptance or rejection at an induction center. He had taken no appeal, such as the Act and the Selective Service Regulations protectively afforded him, from the change made by his board in his classification from a IV–D to a I–A status. The substance of what he attempts to argue here is that he is an ordained minister of religion and is constitutionally exempt from any selective service; that he has furnished ample evidence of his status to his local board and cannot be required to do more to entitle him to a vindication of his rights; that his conscience will not permit him to submit further to any machinery or processes of the selective service system; and that to require him to take any more steps under the Act, even as a basis for vindicating his rights, is to violate the First Amendment's guarantee of free exercise of religion.

Appellant is mistaken in thinking that the Constitution exempts anyone from serving his country in some essential capacity or other in a time of need. Arver v. United States, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349, L.R.A.1918C, 361; Billings v. Truesdell, 321 U.S. 542, 556, 64 S.Ct. 737, 745, 88 L.Ed. 917. The present exemption of ministers from selective service of any nature under the Selective Training and Service Act of 1940 is simply a right created by the statute itself, which must be duly asserted and sought to be vindicated, when necessary, through all the machinery and processes provided under the Act for classification and selection purposes. Congress clearly made ministers, the same as all other citizens within the prescribed age limits, subject to such machinery and processes, by specifically providing that they were not exempt from registration under the Act. And the guarantee of the First Amendment of free exercise of religion, which appellant invokes, does not allow him or any other citizen to make his own rules or select his own methods for the vindica-

tion of any rights to which he may be entitled under the Selective Training and Service Act or as a matter of religious freedom in general. It is only a guarantee that the law will protect his free exercise of religion through adequate, orderly and reasonable machinery and processes. No citizen who refuses to recognize and resort to such machinery and processes as the law has appropriately prescribed for that purpose can or will be heard to complain that his religious freedom has not been respected. Such a recognition of and submission to reasonable machinery and process are of the essence of the functioning of a democratic form of government and of its power to vindicate personal rights. That lesson no American citizen may refuse to learn.

As we have indicated, appellant has no right in this proceeding to challenge the legality of his classification as a basis for refusing to obey his board's order to report, and the judgment therefore must be affirmed.

Appellee has renewed its motion, previously made and heard, to dismiss the appeal, for want of jurisdiction, on the ground that a proper notice of appeal was not filed within the required time. We adhere to our former order, denying the motion on the ground that in the circumstances of the case a sufficient notice had been given to entitle us to assume jurisdiction.

Affirmed.