### UNITED STATES v. DORN.
### No. 20 Crim. U.

United States District Court
E. D. Wisconsin.
March 29, 1954.

172

Timothy T. Cronin, U. S. Dist. Atty., Howard W. Hilgendorf, Asst. U. S. Dist. Atty., Milwaukee, Wis., for plaintiff.

Jack Eisendrath, Milwaukee, Wis., for defendant.

TEHAN, District Judge.

The defendant, Ralph G. Dorn, registered with Local Draft Board No. 44, Milwaukee, Wisconsin, on September 15, 1948. He filled out the Selective Service Questionnaire, SSS Form No. 100, mailed to him on February 18, 1949, and returned it to the Local Board on February 25, 1949. In the questionnaire, he made no claim to be a conscientious objector. On May 23, 1949, the Local Board classified him as I–A, and notice of such classification, SSS Form No. 110, was mailed to him on the same day.

Whenever a registrant, who had been classified I–A, was about to be called for a pre-induction physical examination, and a considerable period of time had elapsed since the date of his classification, it was the practice of Local Board No. 44, to send such registrant a so-called Review Questionnaire, for the purpose of determining whether there had been any change in the registrant's status which would justify a change of classification. On August 11, 1950, such a questionnaire was mailed to the defendant in this case, and it was in answer thereto that the defendant for the first time claimed to be a conscientious objector. In answer to the question, "Other information you wish to submit:", he stated, "Am vegetarian—all life sacred—will not kill—will be conscientious objector." Following the receipt of the Review Questionnaire on August 15, 1950,

the Local Board on October 10, 1950, mailed the Conscientious Objector's Form, SSS Form No. 150, to the defendant. On October 16, 1950, the defendant filed the form No. 150, claiming exemption as a conscientious objector, and stating that he was opposed to both combatant and non-combatant service in the Armed Forces. On the same day, October 16, 1950, the Board re-classified the defendant as I–A–O, and notice of such classification was mailed to him. Class I–A–O includes conscientious objectors who are inducted into the Armed Forces but are assigned to non-combatant service therein.

The notice of classification form which was sent to the defendant, Dorn, on October 16, 1950, the same form which had been sent to him on May 23, 1949, was Selective Service Form No. 110, authorized by Title 32 Code of Federal Regulations, Section 1626.2(c) (1). Part of the SSS Form No. 110 shows the Selective Service class in which the registrant has been placed, and the registrant is required to carry this part on his person. Form No. 110 contains, in addition, the following information:

"Notice of Right to Appeal

"Appeal from classification by Local Board must be made within 10 days after the mailing of this notice by filing a written notice of appeal with the Local Board.

"Within the same 10-day period you may file a written request for personal appearance before the Local Board. If this is done, the time in which you may appeal is extended 10 days from the date of mailing of the new Notice of Classification after such personal appearance."

The regulations with respect to a personal appearance and the taking of an appeal are as follows:

"1624.1 *Opportunity to appear in person.* (a) Every registrant, after his classification is determined by the local board (except a classification which is itself determined upon an appearance before the local board

under the provisions of this part), shall have an opportunity to appear in person before the member or members of the local board designated for the purpose if he files a written request therefor within 10 days after the local board has mailed a Notice of Classification (SSS Form No. 110) to him. Such 10-day period may not be extended, except when the local board finds that the registrant was unable to file such request within such period because of circumstances over which he had no control."

"1626.2 *Appeal by registrant and others.*

"(a) The registrant, any person who claims to be a dependent of the registrant, any person who prior to the classification appealed from filed a written request for the current occupational deferment of the registrant, or the government appeal agent may appeal to an appeal board from any classification of a registrant by the local board except that no such person may appeal from the determination of the registrant's physical or mental condition.

"(b)  *  *  *

"(c) The registrant, any person who claims to be a dependent of the registrant, or any person who prior to the classification appealed from filed a written request for the current occupational deferment of the registrant, may take an appeal authorized under paragraph (a) of this section at any time within the following periods:

"(1) Within 10 days after the date the local board mails to the registrant a Notice of Classification (SSS Form No. 110)."

At no time following the receipt of either the May 23, 1949 or the October 16, 1950 Notice of Classification, did the defendant appeal from such classifications, nor did he make any effort to appear and discuss either classification or to present new information to the Draft Board. On April 27, 1951, the defendant was

ordered to appear for an "Armed Forces physical examination" on May 11, 1951. On August 30, 1951, an order to report for induction on September 17, 1951, was mailed to the defendant. The defendant appeared at the Induction Center on September 17, 1951, and having completed all the preliminary steps for induction, refused to submit to induction. A criminal indictment was returned on February 21, 1952, charging the defendant with refusal to submit to induction. The defendant waived a jury trial, and the case was tried before the Court on October 6, 7 and 14, 1953.

The Government has taken the position both during the trial and prior thereto that since the defendant did not take an administrative appeal from the classification made by the Board, he has not exhausted his administrative remedies; that consequently the Court cannot review the action of the Board in making such classification; and that the only question involved in the case is whether the defendant knowingly and wilfully failed and refused to submit to induction.

At the close of the Government's testimony and again at the end of the trial, the defendant moved for a judgment of acquittal. In support of such motion, defendant argues that there was a violation of due process on the part of the Local Board (1) In that the classification made by the Board was arbitrary and without basis in fact; and (2) By reason of a failure to comply with Section 1604.41 of the Selective Service Regulation, which provides as follows:

"Advisors to Registrants

"*Appointment and duties.* Advisors to registrants shall be appointed by the Director of Selective Service upon recommendation of the State Director of Selective Service to advise and assist registrants in the preparation of questionnaires and other selective service forms and to advise registrants on other matters relating to their liabilities under the selective service law. Every person

so appointed should be at least 30 years of age. The names and addresses of advisors to registrants within the local board area shall be conspicuously posted in the local board office."

The defendant contends that in view of the arbitrary classification and the failure to follow the regulations with respect to appointing an advisory panel and posting the names of the panel members in the Local Board office, there was a violation of due process, all orders issued by the Local Board were therefore void, and the defendant consequently was not required to exhaust his administrative remedies. The defendant also contends that if it be held that he was required to exhaust his administrative remedies, he did so by reporting for induction, the final step required in the administrative procedure. The defendant urges that the cases which hold that there must be an exhaustion of administrative remedies do not define the meaning of that phrase with complete clarity and that they can be construed to require only that the registrant must take the final administrative step, that of reporting for induction; that the administrative process is like a ladder, that the registrant must go to the very end, but that there is no requirement that he step on every rung. In other words, defendant argues that he has exhausted his administrative remedies by not pursuing them.

This same argument was made in the case of Olinger v. Partridge, 9 Cir., 1952, 196 F.2d 986, 987. There, too, the defendant failed to take an administrative appeal. The Court said:

"The theory of exhaustion of administrative remedies by default is without support in precedent or in reasoning. The authorities are all to the effect that the judicial machinery may not be invoked until all administrative remedies have been unsuccessfully pursued. * * * [The defendant's] inaction does not exhaust his administrative remedies, but rather amounts to a waiver of any rights which he may have claim-

ed under the Selective Service Act [50 U.S.C.A.Appendix, § 451 et seq.]"

In the case of Van Bibber v. United States, 8 Cir., 1945, 151 F.2d 444, the defendant failed to take an administrative appeal. The Court said, 151 F.2d at page 446:

"Where a registrant disagrees with his board's classification and desires to have it changed, he must resort to the administrative remedies afforded him by the Act and the Selective Service Regulations at that stage of the selective process. See 50 U.S.C.A.Appendix, § 310(a) (2). 'The registrant may,' as the Falbo case [Falbo v. U. S.] points out, 320 U.S. [549] at page 552, 64 S.Ct. [346] at page 348, 88 L.Ed. 305, 'contest his classification by a personal appearance before the local board, and if that board refuses to alter the classification, by carrying his case to a board of appeal, and thence, in certain circumstances, to the President.' If he does not resort to these administrative remedies, or if his efforts to change his classification fail, he has no legal right to refuse to obey an order of his board to report. Only when he has exhausted his administrative remedies, has been ordered by his board to report for induction, has obeyed that order, and has been finally accepted for service, are the doors of the courts open to him to test the legality of his classification. In the language of the Billings case [Billings v. Truesdell] 321 U.S. [542] at page 558, 64 S.Ct. [737] at page 746, 88 L.Ed. 917, 'Unless he follows that procedure he may not challenge the legality of his classification in the courts.' Under these conditions only, and only when in addition his classification actually rests upon an arbitrariness which would make his final induction a violation of the standards of due process, is he entitled to resort to the courts for protection, * * *.''

In the case of Williams v. United States, 9 Cir., 1953, 203 F.2d 85, 87, certiorari denied 345 U.S. 1003, 73 S.Ct. 1149, 97 L.Ed. 1408, where the defendant was charged with refusal to submit to induction in the Armed Forces of the United States, the Court of Appeals held that since the defendant had failed to appeal from the Local Board's adverse ruling, it was not error to refuse to permit the defendant to introduce evidence that he had not been given a full, fair and impartial hearing by his Local Board, and evidence as to his request for classification as a conscientious objector and as to his claim for deferment as a minister of religion. The Court said:

"After intentionally refusing to conform to the order of the Board, the selectee may not challenge his classification in a criminal prosecution for his failing to do so since he also failed to pursue the appellate steps provided by the Selective Service Act." Citing Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305.

In the case of Johnson v. United States, 8 Cir., 1942, 126 F.2d 242, the defendant failed to take an administrative appeal. The Court said, 126 F.2d at page 247:

"Appellant's complaint here, as below, is that the local board acted arbitrarily in not classifying him in IV D. No such board can bind a registrant by an arbitrary classification against all of the substantial information before it as to his proper classification. The Act and the Regulations afford him a proper and a sufficient remedy by giving him a right to an appeal to the appeal board which has power to undo any injustice in or any mistake in classification. The jury found that the Regulations had been complied with in 'mailing' appellant notice of reclassification. When a local board has taken the action required as prerequisite to an appeal from it, a registrant must take that appeal as a further step in the administrative

remedy open to him. It is only when administrative remedies have been denied or are exhausted that the courts are available. Also, the courts are even then available only for limited purposes. The courts have no power to classify registrants —that is solely for the agencies created by or under the authority of the Congress. But classification by such agencies must, under the powers given them by Congress, be honestly made, and a classification made in the teeth of all of the substantial evidence before such agency is not honest but arbitrary. Courts can prevent arbitrary action of such agencies from being effective. But a registrant cannot come to a court for such relief until he has exhausted all available and sufficient administrative remedies for such arbitrary action. Appellant has not availed himself of such corrective administrative relief. He has no standing in a court to complain and the court cannot examine the arbitrariness of his classification by the local board."

In the case of Swaczyk v. United States, 1 Cir., 1946, 156 F.2d 17, certiorari denied 329 U.S. 726, 67 S.Ct. 77, 91 L.Ed. 629, the defendant did take an administrative appeal. However, in reviewing the state of the law with respect to a claim for exemption, the Court said, 156 F.2d at page 19:

"Accordingly, we understand the law to be that a selective service registrant, who believes that he has been rendered subject to service by an erroneous classification by his local board (or by the appropriate appeal board), must exhaust all opportunities for administrative review before his claim may be heard in the courts."

In the case of Jeffries v. United States, 10 Cir., 1948, 169 F.2d 86, 88, a registrant claimed a ministerial classification. Instead, the Local Board classified him as IV–E. Following such classification, the registrant wrote the Local Board a letter, in which he said among other things: "'I hereby appeal to the local board for reconsideration of my Selective Service classification which is 4E'." In such letter he did not directly or indirectly indicate a desire to appeal from the ruling of the Local Board. At the trial, he admitted he failed to take any steps to appeal and stated he mistakenly believed he could not appeal unless there was a dissent by one member of the Local Board. Following receipt of the letter the Local Board reconsidered the classification and reclassified him as IV–E. He was then notified to appear for a pre-induction physical examination and did so appear. Subsequently he was ordered to report to the Local Board for transportation to a public service camp, where he had been assigned to work of national importance under civilian direction. He appeared at the Local Board at the appointed time, but stated that he had changed his mind about going and left the office of the Local Board. The Court pointed out that his appearance at the Local Board with the intent and purpose not to accept assignment to work of national importance and not to go to the camp to which he had been assigned was as much a non-compliance with the order as if he had not appeared at the office of the Local Board. In addition, however, the Court said, 169 F.2d at page 89:

"Jeffries did not exhaust his administrative remedies with respect to his classification determined by the Local Board. His letter of September 24 to the Local Board indicated no purpose or desire to appeal from its determination of his classification. On the contrary, it expressly requested reconsideration by the Local Board. As stated above, Jeffries admitted in his testimony at the trial that he did not appeal from the decision of the Local Board because he mistakenly believed he could not do so unless one member of the Local Board dissented from its determination of his classification.

"Since Jeffries did not pursue his administrative remedies to the end, under the decision in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305, error, if any, in his classification was no defense to his refusal to report."

This Court has found no decision to the contrary.

The defendant cites the case of Ex parte Fabiani, D.C., 1952, 105 F.Supp. 139. In that case, Judge McGranery permitted habeas corpus to a registrant who had not taken an administrative appeal. The facts in the Fabiani case, however, show clearly that the defendant in that case was effectively deprived of his right to appeal and the court so held. The defendant left the United States for Italy on October 28, 1950. He registered as a medical student in the University of Rome on November 2, 1950. By letter dated November 10, 1950, he advised his Local Board of his arrival in Rome, the letter bearing the stamp of the Local Board as of November 28, 1950. A certificate testifying to his residence in Rome was dated November 28, 1950, and had the stamp of the Local Board dated December 13, 1950. A second certificate from the University dated December 6, 1950, setting out the fact of his residence and study in that school, had the stamp of the Local Board as of December 13, 1950. On November 7, 1950, an order to report for physical examination on November 22, 1950, was mailed to the defendant. Defendant's mother returned the order to report to the Draft Board, and at the same time gave the Board a letter which the defendant had written to his mother, which letter showed that he was in Rome attending the Medical School. From the record it was not clear whether the Board received this letter prior to November 22, 1950, the date on which the defendant failed to appear for examination. Attempts were made to have the state office reopen the defendant's classification but these requests were denied. The Chairman of the Local Board testified that he considered the case out of his hands on November 28, 1950, and that the matter could then not be reopened. At no time following the defendant's failure to report for his physical examination did the Board as a Board discuss the defendant's case, reopen it, or resolve to adhere to its former classification and so notify petitioner. The Court held that the Local Board's steadfast refusal to reopen his classification or to send him a new notice of classification adhering to its original decision effectively *deprived him of any right to appeal thereafter.*

In the present case, it is undisputed that the defendant did not take an administrative appeal from either the May 23, 1949 classification, or the October 16, 1950 classification, nor did he at any time request the opportunity to appear in person before the Local Board, although he was twice notified of both such rights. The defendant in his brief states that failure of the Local Board to comply with the regulations constituted a lack of due process, and therefore such lack of due process made administrative appeal unnecessary. This contention cannot be sustained. The Regulations respecting the review provided by the Appeal Board provide as follows, 32 C.F. R. Section 1626.23:

"1626.23 *Preliminary review.* The appeal board will carefully check each file to determine whether all steps required by the regulations have been taken, whether the record is complete, and whether the information in the file is sufficient to enable it to determine the registrant's classification. If any steps have been omitted by the local board, if the record is incomplete, or if the information is not sufficient to enable the appeal board to determine the classification of the registrant, the appeal board shall return the file to the local board with a request for additional information or action."

Thus if there was any error in procedure on the part of the Local Board or as the defendant alleges in the present case, if the classification made by the Board was

arbitrary and without basis in fact, the Appeal Board was fully empowered to review the action of the Local Board, and if any steps had been omitted by the Local Board, if the record was incomplete or the information insufficient, the Appeal Board could return the file to the Local Board to complete the record or to take such action as might be necessary. As the court said in the Johnson case, supra, the appeal board "has power to undo any injustice in or any mistake in classification." If the registrant could show that the Local Board had fallen short of its duties under the Regulations, the place to make such showing was before the Appeal Board. The authority of the Appeal Board is discussed in the case of Falbo v. United States, 1943, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. Justice Rutledge said in his concurring opinion in 320 U.S. at page 555, 64 S.Ct. at page 349:

> "Petitioner claims the local board's order of classification was invalid because that board refused to classify petitioner as a minister on the basis of an antipathy to the religious sect of which he is a member. And, if the question were open, the record discloses that some evidence tendered to sustain this charge was excluded in the trial court. But petitioner has made no such charge concerning the action of the appeal board which reviewed and affirmed the local board's order. And there is nothing to show that the appeal board acted otherwise than according to law. If therefore the local board's order was invalid originally for the reason claimed, as to which I express no opinion, whatever defect may have existed was cured by the appeal board's action. Apart from some challenge upon constitutional grounds, I have no doubt that Congress could and did exclude judicial review of Selective Service orders like that in question."

Congress provided an adequate administrative review or appeal procedure for the purpose of correcting any errors violating procedural, legal or constitutional rights of registrants. Congress provided that the Hearing Officer may have the assistance of the Department of Justice and may examine the registrant's file; that the Hearing Officer may make a report and recommendation to the Justice Department. The registrant is accorded a hearing before the Hearing Officer of the Department of Justice and is permitted to rebut any statements adverse to his claim. The Department of Justice renders an advisory recommendation to the Appeal Board. All of these procedures were provided for the purpose of correcting errors in the procedure of the Local Board, and should have been resorted to by the defendant. Not having done so, he cannot now claim that the classification made by the Board was arbitrary and without basis in fact.

The defendant has further contended, however, that the appointment of an Advisory Panel is mandatory and that an appeal to the Appeal Board would never remedy the defect of failing to make available an Advisory Panel. It is undisputed that the Local Board failed to post the names of any such Panel members in the Local Board office. But not every procedural error will render a proceeding vulnerable in a collateral attack. A registrant must show that the proceeding was so unfair as to deprive it of vitality. Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308. The defendant has not at any time claimed that he did not know of his right to appeal. He was in fact advised of his right to appeal in the notice of classification form which was sent to him on two separate occasions following classification by the Board. Furthermore, he is conclusively presumed to know the law. McLenigan v. Grymes, D.C., 59 F.Supp. 846, at page 847.

An appeal agent had been appointed as provided by Section 1604.71 of the Regulations, and the testimony shows that he was available in his own

office to help a registrant take an appeal whenever he requested such an appeal. Under the regulations the appeal agent must be "equally diligent in protecting the rights of the registrant" in all matters. Such appeal agent was available to help the defendant prepare an appeal had the defendant requested such help.

For the reasons stated this Court finds this defendant guilty beyond any reasonable doubt of the crime charged in the indictment filed against him.