**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alfonzo NICHOLS, Defendant-**
**Appellant.**

**No. 11886.**

United States Court of Appeals
Seventh Circuit.

Jan. 24, 1957.

Charles H. Galin, N. A. Pachefsky, Milwaukee, Wis., for appellant.

Edward G. Minor, U. S. Atty., Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

DUFFY, Chief Judge.

After a trial to the court, a jury having been waived, defendant was convict-

ed of failure and refusal to submit to induction in the armed forces after having been ordered to do so by his Local Board.

A brief chronological summary of defendant's rather extensive selective service file seems advisable. It reveals defendant registered with Local Board No. 43 in Milwaukee in 1948. On March 17, 1949 he filed a questionnaire stating he was single, had no children, and he made no claim for exemption. He was classified I–A and no appeal was taken. He was ordered to report for physical examination but failed to do so. He then claimed to be a conscientious objector. SSS Form 150 was mailed to him which he refused to fill out. He was ordered to report for induction, failed to do so, and in March, 1952, was convicted for failure to report. He was sentenced to two years' imprisonment. On May 17, 1953, he was released on parole.

Upon his release from prison, defendant did not report a change in status, but the Board finally located him through the United States Probation Officer. A supplemental questionnaire was mailed to him. At first defendant refused to fill out the form but finally did so on August 16, 1954. He stated he was married and had two children. He did not state that he was living with his wife and children. He said he had completed the 11th grade, but he did not fill out the balance of the Form. On September 8, 1954 defendant was classified I–A. No appeal was taken. At the suggestion of State Headquarters Selective Service, the Board mailed defendant SSS Form 150, the conscientious objector form. On October 5, 1954 defendant filed Form 150 with the Board. He stated he was opposed to both combatant and noncombatant training and service. He stated the source of his training and belief was Allah, and his religious sect, Temple of Islam, Milwaukee, Wisconsin. On December 14, 1954, the Board reopened defendant's classification, but again classified him I–A. No appeal was taken. On December 29, 1954 defendant was ordered to report for induction. On Jan-

uary 2, 1955 defendant requested a personal appearance, and the Board granted him a hearing on January 11, 1955. The Board refused to reopen his classification. On January 27, 1955 defendant appeared for induction but refused to submit. Criminal prosecution followed resulting in his conviction below.

The District Court found defendant had not exhausted his administrative remedies under the Selective Service Act, 50 U.S.C.A. Appendix, § 451 et seq. Specifically, the Court found that defendant did not appeal from the final classification of the Local Board dated December 14, 1954. A judgment of conviction was entered from which defendant brings this appeal.

In this Court, defendant contends the Local Board acted arbitrarily in classifying him as I–A instead of III–A. He claims he was entitled to a III–A classification because the Board had been informed that he was married and was the father of two children. Defendant argues that it was not necessary for a registrant to exhaust his administrative remedies where a Local Board makes a classification without any basis in fact which, defendant claims, was done in the instant case.

Regulation Section 1622.30—Class III–A (32 C.F.R.) provides a registrant should be classified III–A who, *prior to August 25, 1953,* submitted evidence to his Local Board that he has a child or children with whom he maintains a bona fide family relationship in his home. It is admitted that defendant did not notify the Board that he was married and the father of children until August 16, 1954, almost a year after the cut-off date designated in the regulations. Furthermore, defendant furnished no information that he was living with his wife and children. The burden is on a registrant to establish his right to exemption from military service. United States v. Schoebel, 7 Cir., 201 F.2d 31, 32. Inasmuch as the registrant did not meet the burden of establishing his right to an exemption under III–A, the conviction below could well be sustained on that ground alone.

In any event, we think the District Court was correct in holding that defendant did not exhaust his administrative remedies by failing to appeal from the classification given to him by the Board. There is no claim that defendant was not aware of his right to appeal. In fact, each notice of classification (Selective Service Form No. 110) advises the registrant of his right to appeal to the Appeals Board.

The District Court relied largely on a decision by Chief Judge Tehan in United States v. Dorn, D.C.E.D.Wis.1954, 121 F. Supp. 171. We think such reliance was well placed for the opinion in the Dorn case makes a careful analysis of the applicable parts of the Selective Service Act and Regulations, and cites the pertinent decisions on the question here in issue. In our opinion the Court, in Dorn, reached a correct conclusion.

If a Local Board makes a mistake as to registrant's classification, or should the Board act in an arbitrary manner, Congress gave the registrant a right to appeal to the Appeals Board. That Board was constituted to correct errors of the Local Board be they procedural or legal. Provision was made for the hearing officer to have the assistance of the Department of Justice. The registrant is entitled to a hearing before the hearing officer. Congress never intended that a registrant could ignore these provisions designed for his protection and, instead of following such procedure, take a short cut to the courts.

The authorities are in accord with the conclusion which we have reached. In Williams v. United States, 9 Cir., 203 F. 2d 85, the defendant failed to appeal from the Local Board's I–A classification. The Court said, at page 87: "After intentionally refusing to conform to the order of the Board, the selectee may not challenge his classification in a criminal prosecution for his failing to do so since he also failed to pursue the appellate steps provided by the Selective Service Act."

Other cases supporting the view that a registrant is not, under all ordinary circumstances, entitled to a judicial review of his classification by the Local Board from which he did not appeal are: Kaline v. United States, 9 Cir., 235 F. 2d 54, 62; Frank v. United States, 9 Cir., 236 F.2d 39, 42; Van Bibber v. United States, 8 Cir., 151 F.2d 444, 446; Cf. Falbo v. United States, 320 U.S. 549, 552, 64 S.Ct. 346, 88 L.Ed. 305, and Swaczyk v. United States, 1 Cir., 156 F.2d 17, 19.

We hold that as the defendant did not exhaust his administrative remedy by appealing from his classification given to him by the Local Board, he has no standing in a criminal prosecution to complain of that classification and to urge that such classification was incorrect.

Judgment affirmed.