**UNITED STATES, Plaintiff,**

v.

**John Leslie MARTINSON, Defendant.**

**No. 56-CR-4.**

United States District Court
E. D. Wisconsin.

Feb. 18, 1957.

J. N. Eisendrath, Milwaukee, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., by Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The defendant, John Leslie Martinson, was indicted by the grand jury for violating the Universal Military Training and Service Act, § 1 et seq. as amended 50 U.S.C.A.Appendix, § 451 et seq., in that he refused to submit to induction. Jury trial was waived and trial was had before the court.

The court will advert only to that portion of the defendant's draft board file which is relevant to the decision of this case. On July 23, 1952, the defendant received a 1-O classification. Over a year later, on August 4, 1953, the local board ordered the defendant to report to the Community Health Center at Two Harbors, Minnesota, for civilian work contributing to the maintenance of the national health, safety and interest. The defendant obeyed the local board's order and undertook his duties at Two Harbors.

On June 21, 1954, the local board received a communication from the defendant, in which the defendant stated:

> "And now after a great deal of thought I have come to the conclusion that I can no longer consider myself a conscientious objector as you understand the term. This being the case I can no longer accept alternative service work as a conscientious objector. * * * For the present however, I am somewhat at a loss as to know just what my relationship to you is or should be. Perhaps I should be re-classified although I don't know what classification I could logically be put into."

The defendant left his employment without the approval of the local board. He was reclassified 1-A on July 22, 1954.

488

After subsequent draft board history not material here, the defendant was ultimately classified 1–A on January 11, 1955. No appeal was taken from that classification. On February 11, 1955, the defendant was ordered to report for induction. The defendant refused to be inducted on March 25, 1955.

The defendant contends that he has been deprived of due process of law because, when he left his civilian work at Two Harbors, Minnesota, the Indiana Local Board did not forward the complete file to the Director of Selective Service, as required by 32 C.F.R. 1660.30. He alleges another such violation, in that the Indiana Draft Board did not reopen his 1–A classification, in order to examine the registrant's right to a 1–S student classification. The defendant further contends that his reclassification, from 1–O to 1–A, was without basis in fact and was contrary to law.

This court will not discuss the merits of all the defendant's contentions. It is a novel contention of the defendant that the failure of the local board to comply with 32 C.F.R. 1660.30 constituted a lack of due process, so as to invalidate the order to report for induction.

Section 1660.30 provides:

"Any registrant who knowingly fails or neglects to obey an order from his local board to perform civilian work contributing to the maintenance of the national health, safety, or interest in lieu of induction shall be deemed to have knowingly failed or neglected to perform a duty required of him under title I of the Universal Military Training and Service Act, as amended. When any registrant fails or neglects to obey any such order, his Cover Sheet (SSS Form No. 101) and contents shall be forwarded to the Director of Selective Service for a determination as to whether or not the registrant shall be reported to the Department of Justice for prosecution."[1]

The defendant claims that the language of Section 1660.30 is mandatory, and that the failure of the State Director of Selective Service to forward his file to the Director of Selective Service, for a determination as to whether or not defendant should be reported to the Department of Justice for prosecution, was prejudicial to him.

The defendant has cited no authority to substantiate the proposition that Section 1660.30 is for the benefit of registrants. The court believes that that section relates to the administration of inter-system matters, rather than affecting rights of registrants. However, if it is in any way to be construed as affecting the right of registrants, it is to be only in connection with the prosecution for failing to perform such civil work. The defendant is not being prosecuted in this action for failing to perform such civil work or for leaving his work in Minnesota.

The defendant is, under the facts of this case, precluded from raising any defenses, either procedural or legal. Since he failed to appeal his 1–A classification, he may not now be heard to attack the procedure or classification of his local board. The court is of the opinion that the facts of this case are governed by United States v. Nichols, 7 Cir., 1957, 241 F.2d 1, 3.

The Court of Appeals said:

"If a Local Board makes a mistake as to registrant's classification, or should the Board act in an arbitrary manner, Congress gave the registrant a right to appeal to the Appeals Board. That Board was constituted to correct errors of the Local Board *be they procedural or legal.* * * * Congress never intended that a registrant could ignore these provisions for his protection and, instead of following such procedure, take short cut to the courts." (Emphasis supplied.)

It should be pointed out that the defendant in this case certainly knew of

---

1. Section 1660.31(a) contains language similar to that contained in Section 1660.30.

his rights of appeal. The draft board file reveals that on October 19, 1950, he sent a letter to the local board, in which he appealed a 1–A–O classification; that on December 26, 1950, he appealed his classification and asked for a personal appearance; that on June 21, 1951, he filed another appeal. Those appeals apparently were considered by the local board as petitions for reconsideration. The defendant has not alleged any violation of his rights with regard to those appeals, and it is apparent to the court that he knew of his right to appeal any classification which he felt was arbitrary or unjust.

For the foregoing reasons it is the verdict and judgment of this court that the defendant, John Leslie Martinson, is guilty of the crime charged in the indictment.