**Richard MADDOX, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13704.**

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1959.

Marshall C. Hill, Detroit, Mich., for appellant.

Fred W. Kaess and Donald F. Welday, Jr., U. S. Attys., Detroit, Mich., for appellee.

Before MILLER, Circuit Judge, and MATHES and SHELBOURNE, District Judges.

PER CURIAM.

Charged by a criminal information with violation of Section 462(a), Title 50 United States Code Appendix and Paragraph 1632.14(b) of the Selective Service Rules and Regulations, the defendant, Richard Maddox, entered a plea of "not guilty," was found guilty upon a trial to the court without a jury, and appeals from the judgment of conviction.

The information charged that the defendant failed and refused to submit to induction into the Armed Forces after having been duly and regularly notified to report for induction.

He declined the court's offer to appoint counsel and testified that he fully understood the requirements of the Selective Service Law, the duties and functions of the Local Board, and the significance of his refusal "to step forward", when ordered to do so, as a symbol of his induction.

His contention upon his trial was not that, by reason of religious training and belief, he was conscientiously opposed to

participation in war in any form (Section 456(j), Title 50, United States Code Annotated, Appendix). Rather, he claimed he had renounced his American citizenship and claimed allegiance to a foreign flag.

Defendant's record as a registrant shows conclusively that he took none of the steps provided by the Selective Service System to have his classification reviewed by any Appeal Board. Hence, this case presents a Selective Service registrant, who has failed to exhaust any of the administrative remedies afforded by the Act, seeking in a criminal prosecution to complain of his classification by the Local Board. Upon the invalidity of this defense, the court found the defendant guilty.

Notwithstanding the compelling force of this legal aspect of the case, the trial judge, with apparent interest and great patience, permitted defendant to put into the record his entire contention that, by reason of his training and belief, he was opposed to participation in war in any form. However, his testimony is clear that this conviction is not the product of his *religious* training and belief, but because he claimed to have renounced his American citizenship and of his aversion to participation in war on behalf of the United States.

The court properly concluded that the defendant is guilty as charged, because he at no time sought to take advantage of the administrative measures and remedies provided by the Selective Service System, and so is without grounds to complain of the classification given him by the Local Board or to urge that the classification is incorrect. United States v. Nichols, 7 Cir., 241 F.2d 1; Frank v. United States, 9 Cir., 236 F.2d 39; Skinner v. United States, 9 Cir., 215 F. 2d 767, certiorari denied 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 763, rehearing denied 349 U.S. 924, 75 S.Ct. 659, 99 L.Ed. 1256; United States v. Dorn, D.C.Wis., 121 F.Supp. 171.

The judgment of the District Court is affirmed.