112

UNITED STATES of America
v.
Tomas King DUNN.
Crim. No. 66–311.

United States District Court
D. Massachusetts.
Feb. 20, 1967.

Paul F. Markham, U. S. Atty., John Wall, Asst. U. S. Atty., Boston, Mass., for plaintiff.

William B. Duffy, Jr., Boston, Mass., for defendant.

## MEMORANDUM

GARRITY, District Judge.

The defendant, on trial by the court after having waived trial by jury on an indictment charging him with knowingly failing to submit to induction into the armed forces of the United States in violation of 50 U.S.C. App. § 462, has contended that evidence that he is a conscientious objector and that there was no basis in fact for his local draft board classifying him 1–A should be admitted and considered in his defense. It is undisputed that the defendant filed with the local board a timely claim for exemption as a conscientious objector and, after being classified 1–A, did not present his claim for exemption to the appeal board. The Government has argued that a registrant's failure to appeal within the Selective Service System precludes him from challenging the "jurisdiction of the local board" within the meaning of Estep v. United States, 1946, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567.

The defendant was born on June 8, 1945 and registered for the draft on June 11, 1963. On a classification questionnaire, form no. 100, dated April 21, 1965, he stated that he was a Jehovah's Witnesses minister and a student preparing for the Jehovah's Witnesses' min-

istry and claimed to be a conscientious objector. He was given special form no. 150 and completed it on April 28, 1965, stating the particulars of his religious training, belief and activities. On May 20, 1965 he was classified 1–A and on May 26, 1965 was so notified on form no. 110. He did not request a personal appearance before the local board nor file a notice of appeal. In due course he was found to be acceptable and was ordered to report for induction. On January 26, 1966 he appeared at the Army Base at Boston and refused to be inducted. This refusal was not the basis for the indictment.

In view of his claim for exemption, the defendant's classification was reopened and he was requested to appear before the local board on June 20, 1966. He did so and explained to the board members his religious beliefs and objection to military service of any nature and to civilian work in lieu of service. He was again classified 1–A and so notified on form no. 110. He did not appeal. Again he was found to be acceptable and ordered to report for induction. On October 10, 1966 he appeared at the Army Base at Boston and failed to submit to induction, for which he was indicted.

■ As a general rule, a defendant in a prosecution under 50 U.S.C. App. § 462 may question the basis in fact of his classification only if he has exhausted his administrative remedies, including administrative appeals, Gibson v. United States, 1946, 329 U.S. 338, 342, 67 S.Ct. 301, 91 L.Ed. 331; Evans v. United States, 9 Cir., 1958, 252 F.2d 509; United States v. Nichols, 7 Cir., 1957, 241 F.2d 1, 3. Cf. Wolff et al. v. Selective Service Local Board No. 16, 2 Cir., 1967, 372 F.2d. 817. The general rule, however, is not inflexible and has been relaxed by the courts where the failure to appeal has been attributable to some extraordinary circumstance, e. g., Glover v. United States, 8 Cir., 1961, 286 F.2d 84, where a registrant had already appealed unsuccessfully from a previous classification notice, had no new evidence to present and failed to appeal from a fifth classification notice, and Donato v. United States, 9 Cir., 1962, 302 F.2d 468, where a registrant intended to appeal but was delayed because summoned to firefighting duty and believed his appeal rights to have been lost.

■ In this case, I find that the defendant received repeated notice of his rights of appeal and was intelligent enough to understand his rights. He is a graduate of Jamaica Plain, Boston, High School. His answers to questions on forms no. 100 and no. 150 are clear and pithy. His training as a Jehovah Witness began when he was in kindergarten and he is active in the practice of his religion. He received two notices of classification, both of which describe a registrant's rights of appeal. This constituted notice to him of their contents. 32 CFR 1641.3. In a statement given to an FBI agent no November 7, 1966, the defendant asserted that he did not appeal either in 1965 or in 1966 because he failed to observe the reverse side of the form no. 110 which contains a full description of rights of appeal under a heading in heavy print, "Notice of Right to Personal Appearance and Appeal." He did not tell the agent directly that he was unaware of his rights of appeal. Indeed, on the front side of the forms there are spaces to be marked when classification has been "by Appeal Board" or "by President." Moreover, the page on form no. 150 which he signed and on which he claimed exemption in April 1965 contains the following statement, "In the case of any registrant who claims to be a conscientious objector, the local board shall proceed in the prescribed manner to determine his proper classification. The procedure for appeal from a decision of the local board on a claim of conscientious objection is provided for in the Selective Service Regulations." I believe that the true reason for the defendant's failure to appeal is indicated in the following sentence in the local board's summary of the interview on June 20, 1966, referring to the

registrant's unwillingness to accept noncombatant military service, "He prefers jail for he feels that in jail he would be serving a purpose."

On the basis of the defendant's background, training and course of conduct, I find that he knowingly and intentionally took no appeal from his 1–A classification by the local board. Cf. Greiff v. United States, 9 Cir., 1965, 348 F.2d 914, where the court found that the registrant chose to remain ignorant of his rights of appeal. I also find that the defendant's failure to appeal was not caused by any extraordinary situation or occurrence.

 In his brief, the defendant contends that his failure to exhaust administrative remedies should not militate against him because they are no longer open to him, 32 CFR 1641.2(b), citing Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, which held that the existence of state appellate remedies no longer available to a state prisoner is under some circumstances no bar to his application to a federal court for habeas corpus. Among other things, this contention misconceives the nature of an appeal within the Selective Service System. As stated in United States v. Moore, 7 Cir., 1954, 217 F.2d 428, 431.

> The appeal boards are in no judicial sense appellate agencies, but are, rather, agencies superior to the local boards, which consider anew each application referred to them, and determine, on the basis of their own proceedings, the appropriate class for the affected registrant. A classification given by an appeal board is not, therefore, merely an affirmance of the action of an inferior agency, but is the independent act of such board.

See also United States v. Chodorski, 7 Cir., 1956, 240 F.2d 590.

I conclude in law that the defendant may not now contest the validity of his classification and that under the circumstances his contention that the local board had no basis in fact for classifying him 1–A is no defense against the indictment.