**Tomas King DUNN, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6899.**

United States Court of Appeals First Circuit.

Oct. 20, 1967.

William B. Duffy, Jr., Boston, Mass., by appointment of the Court, with whom Johnson, Clapp, Ives & King, Boston, Mass., was on the brief, for appellant.

John Wall, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendant appeals from a decision of the district court refusing to review a 1–A classification, and finding him guilty of a wrongful refusal to submit to induction. 50 U.S.C. App. § 462. We will assume for the purposes of this case, but without deciding, that on the evidence presented the Local Selective Service Board acted arbitrarily in denying defendant a conscientious objector status. However, it is conceded that when defendant received notice of his 1–A classification he was notified in writing, SSS Form 110, that he had ten days to appeal. No contention is made that he was incompetent, or could not understand. The district court found that he knowingly failed to exercise his right of appeal. On this basis the court held that he had failed to exhaust his regular administrative remedies and that his classification was unreviewable. We cannot but agree. Thompson v. United States, 10 Cir., 1967, 380 F.2d 86; Evans v. United States, 9 Cir., 1958, 252 F.2d 509; United States v. Nichols, 7 Cir., 1957, 241 F.2d 1; United States v. Dorn, E.D.Wis., 1954, 121 F.Supp. 171; cf. Swaczyk v. United States, 1 Cir., 1946, 156 F.2d 17, cert. denied, 329 U.S. 726, 67 S.Ct. 77, 91 L.Ed. 629.

The defendant's contention that this is too heavy a burden to place upon him is one that should be addressed to Congress. The fact is that, pursuant to the Congressional delegation of authority to prescribe regulations, 50 U.S.C. App. § 460 (b)(3), substantial administrative review has been provided. 32 C.F.R. § 1626.26 (a).[1] Defendant's claim that a decision in his favor would not have an appreciable effect upon this procedure seems to us unsupportable. Rather, we think it would have far-reaching consequences, not the least of which would be to substitute the district court for the regular appeals process at an inductee's option. We might agree with defendant that in extraordinary circumstances repetitious review may be unnecessary, cf. Glover v. United States, 8 Cir., 1961, 286 F.2d 84, but defendant's attempt to short-cut the entire administrative procedure cannot be permitted.

Affirmed.

---

1. Our decision is not influenced by the fact that, at the time of defendant's classification, there existed a special, elaborate administrative process to review denial of conscientious objector status, 32 C.F.R. §§ 1626.25(a)–(e), which has subsequently been rescinded by Executive Order 11360, 32 Fed.Reg. 9787, 9792 (July 4, 1967).