**Robert D. MAGEE, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7028.**

United States Court of Appeals
First Circuit.
April 12, 1968.

---

Lawrence F. O'Donnell, Boston, Mass., by appointment of the Court, for appellant.

John Wall, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., and Edward F. Harrington, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant appeals his conviction for wilfully failing to report for civilian work in lieu of induction into the armed forces.

In 1965 after being classified 1–A and passing a physical examination, defendant asked his draft board for a personal appearance with respect to a conscientious objector claim. Although the ten day period for appeal had long since expired, the board granted his request. On January 19, 1966, he appeared before the board and in addition to explaining his religious views, related that he was to be baptized as a minister of Jehovah's Witnesses on the following Saturday (January 22.) Based on this interview he was classified 1–O (conscientious objector) and on the next day was notified of his right to appeal and to a personal appearance before the board. Defendant did not appeal his 1–O classification during the ten day period.

On April 21, 1966, he was sent a special form for 1–O registrants that provided him with an opportunity to indicate the type of civilian work he preferred in lieu of induction. Thereafter there were various communications between the draft board and defendant, the tenor of which was that the board insisted that he do civilian work and defendant refused on the grounds that he was a minister. He offered to appear before the board to explain his position but did not submit any evidence to support his claim for a ministerial exemption. The board granted him an appearance on September 7, 1966, but only for the purpose of discussing substitute civilian service, not to discuss exemption as a minister. The impasse was not resolved and shortly thereafter defendant was indicted. He defends on the ground that he was denied a hearing on his claimed status as a minister.

The principle involved in this case is both clear and fundamental. Defendant did not pursue his administrative remedies and thus cannot now complain of his classification in the courts. Dunn v. United States, 383 F.2d 357 (1st Cir. 1967). When defendant was classified 1–A, he was apparently unaware that he had only ten days to appeal. Nevertheless the board as a matter of grace allowed a tardy appeal. When defendant was then classified 1–O he was certainly aware of his appeal rights.

Yet he knowingly waived them by not acting within the statutory period.

 Nor can we say that defendant is entitled to complain because the board did not reopen the question of his 1–O classification at a later date. A local board is obliged to reopen a registrant's classification only in narrow circumstances clearly inapplicable here. 32 C.F.R. § 1625.3. In addition, it may reopen a classification if the registrant presents information not previously considered. 32 C.F.R. § 1625.2. Assuming defendant's letters constituted a request to reopen his 1–O classification they contained nothing more than the bare allegation that he was now a minister. Moreover, he admitted at trial that his baptism into the Jehovah's Witnesses occurred on January 22, 1966, which was during the ten-day period for appealing his 1–O classification, and that his status had not changed since then.

Finally, it should be noted that defendant's failure to get an exemption as a minister is not solely the result of his failure to observe the technicalities of the selective service process, though we do not mean to imply that failure to exhaust administrative remedies is a light matter. It seems clear that he is not entitled to such an exemption in any event. While we do not dispute his considering himself a minister for purposes of his own religion, he is not such within the meaning of the law. He was employed full time in construction work. His ministry, part time and on an irregular basis, was not manifested by any formal education or ordination but seemed to arise by way of private compact between his deity and himself. We intend in no way to disparage this but we are constrained to observe that this is not the sort of minister contemplated by the law. 32 C.F.R. § 1622.43; Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). As defense counsel himself stated at the hearing on the motion to dismiss the indictment, "The Jehovah's Witnesses claim everybody that is baptized is a minister, so that an analogous situation would be people of the Jewish faith, everybody would be a rabbi, and Catholics, everybody would be a priest." Yet the Supreme Court said in *Dickinson,* supra at 394, 74 S.Ct. at 156: "Certainly all members of a religious organization or sect are not entitled to the exemption by reason of their membership, even though in their belief each is a minister."

Affirmed.