**REED v. UNITED STATES.**

**PARKHURST v. UNITED STATES.**

Nos. 13461, 13464.

United States Court of Appeals, Ninth Circuit.

June 12, 1953.

Rehearing Denied July 27, 1953.

Philander Brooks Beadle and Morton L. Silvers, San Francisco, Cal., for appellants.

Chauncey Tramutolo, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and HEALY, Circuit Judges.

HEALY, Circuit Judge.

These cases were separately tried but were consolidated for purposes of appeal inasmuch as the main question they present is identical. The charge against each appellant was that, having been duly placed in Class I–A under the provisions of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq., and ordered to report for induction into the armed forces, he refused to submit to induction. Verdicts of guilty were returned in each case.

Appellants are members of Christ's Church of the Golden Rule, and both claimed exemption from military service as student ministers of that institution. They contended that their manual labor on Church projects is part of the divinity studies and religious training prescribed by the tenets of their sect, hence they were entitled to a IV–D classification.[1] They were granted personal hearings on the claim before their respective local boards, but failed to satisfy those boards or the appeal boards that they were eligible for the classification they sought. Accordingly they were placed in the class of those available for general military service. They reported for induction but concededly refused to submit thereto.

On his trial each sought to introduce testimony concerning exemptions accorded by selective service boards to lay brothers of the Catholic Church, and each contends that the court erred in refusing to permit the introduction of such testimony for the jury's consideration. The position taken by the trial judge in so ruling was that an inquiry of that nature is beyond the jury's province. Accordingly he instructed the jury in each instance that they were not to concern themselves with what classification they would have given the defendant had they been draft board members, or with what classification local or appeal boards had accorded other registrants; that the defendant had been given a full and fair hearing by his local and appeal board in accordance with the provisions of the Act and the regulations thereunder; that there was a basis in fact for the classification given the defendant;[2] and that the sole issue for the jury's determination was whether or not the defendant had knowingly refused to submit to induction upon being ordered so to do.

These instructions correctly declared the respective provinces of the selective service boards and of the court and jury in cases arising under the Act. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59. As this court said in Tyrrell v. United States, 9 Cir., 200 F.2d 8, 12, Congress has specifically authorized the promulgation of regulations conferring upon the local draft boards the responsibility of deciding, subject to administrative appeal only, the class in which each registrant shall be placed, and that each registrant is to be considered as available for military service until his eligibility for exemption therefrom is established to the satisfaction of the board without discrimination of creed or religious affiliation. In that case the accused, charged as here with refusing to submit to induction, was a member of Christ's Church

---

1. Part 1622.43(3) of Selective Service regulations reads in pertinent portion as follows:

   "In Class IV–D shall be placed any registrant * * * who is a student preparing for the ministry under the direction of a recognized church or religious organization and who is satisfactorily pursuing a full-time course of instruction in a recognized theological or divinity school; * * * * "

2. The selective service file of each of the appellants was introduced in evidence and was examined by the trial court.

of the Golden Rule and claimed exemption as a divinity student on the basis of activities indistinguishable from the present. His claim had been denied by the administrative board. Seeing no reason to believe that the board had acted arbitrarily in the matter, we held its action to be conclusive.

In the Tyrrell case, as here, it was contended that the trial court erred in declining to submit to the jury the question whether the defendant's right to freedom of religion had been violated by the board's determination that the prescribed program of instructions did not constitute theological studies. "In making this assertion", we said, "appellant claims a right to have a jury pass independently on an issue previously determined by the draft board or to broadly review such administrative action. Such procedure would be contrary to settled principles of federal administrative practice, particularly those activating the Selective Service System, Cox v. United States, supra. The District Court having properly determined as a matter of law that there was a basis in fact to support the classification order of the draft board, there was no error in the court's action in refusing to submit to the jury a matter which is not within its province." [3]

■ In the Parkhurst case two other points are raised. Parkhurst testified at the trial that on his personal appearance before the local board the members jocularly treated his explanation of the Church's program with "nods and smirks." This was denied by the chairman of the board, who testified that the registrant was courteously treated, that the board sought to elicit all the facts, and gave the registrant a full opportunity to explain his position. It is contended that the court erred in refusing to submit to the jury the disputed question whether Parkhurst had received a fair hearing before the local board. We regard that question as properly one for the court, since it correctly held that there was a basis in fact for the board's classification.[4] Moreover the appeal board, with the entire file before it including an adequate summary of what transpired on the personal appearance of the appellant before the local board, unanimously placed him in the I-A classification. Such action completely and finally superseded the action of the local board in classifying him, Tyrrell v. United States, supra, 200 F.2d at page 11, and no claim is made of unfairness on the part of the appeal board.

■ Parkhurst's remaining contention is that the district attorney was guilty of misconduct in that during the course of his argument he accused defense counsel of appealing to anti-Catholic prejudice and employed other extravagant and inflammatory language. As already pointed out, the only issue submitted for the jury's determination was whether or not the defendant had knowingly refused to submit to induction upon being ordered to do so. This instruction, as we have already indicated, was proper. Accordingly, since Parkhurst admitted that he had knowingly and willfully refused to submit to induction, a verdict of guilty was the only possible one that could be returned. Thus, assuming misconduct on the part of the district attorney, the misconduct could not have resulted in prejudice to the appellant.

Finding no error in either record, the judgments of conviction are affirmed.

3. In that case, 200 F.2d at page 13 of the opinion, the court made the further observation: "A careful study of the record in this appeal indicates that the appellant is contending a right to the IV-D classification as a student minister because he and his church consider him entitled thereto under their interpretation of the precepts and canons of registrant's church membership and his ranch work in Oregon. Such a broad claim of exemption is not compatible with the Congressional intent manifested in Section 456(a) of the Selective Service Act of 1948 [50 U.S.C.A.Appendix, § 456(a)] and the regulations implementing such Act. Cf. Rase v. United States, 6 Cir., 129 F.2d 204, 209."

4. Compare holding of this court on a cognate claim raised in Elder v. United States, 9 Cir., 202 F.2d 465, 466.