**Berwin Houston THOMPSON,
Appellant,**
v.
**UNITED STATES of America,
Appellee.**
**No. 9025.**

United States Court of Appeals
Tenth Circuit.

June 21, 1967.

Hayden C. Covington, New York City, for appellant.

David A. Kline, First Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief) for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and BROWN, District Judge.

WESLEY E. BROWN, District Judge.

Appellant, Thompson, was convicted in the United States District Court for the Western District of Oklahoma of refusal to submit to induction into the armed forces, in violation of the Universal Military Training and Service Act, 50 U.S.C. App. § 462. He waived a jury, was found guilty and sentenced by the court to five years imprisonment.

Thompson first registered with his local board in California March 21, 1963. In his classification questionnaire, he indicated that he was a full-time student at Oklahoma City University, but made no claim to conscientious objector status. February 19, 1964, he was classified II-S until the following June. On November 18, 1964, he was classified I-A, and notified thereof by SSS Form 110 mailed November 20, 1964. December 9, 1964, he was ordered to report December 29 for a physical examination at a California examining station. On December 23, he requested a transfer of his physical examination to Oklahoma City, which was approved, the date to be reset. On February 8, 1965, he was ordered to report for examination on February 19, 1965. Meanwhile, on February 1, 1965, his California board received Thompson's request for conscientious objector SSS Form 150, and it was mailed to him that day. He returned it February 12, 1965, stating therein that he had been baptized into the Jehovah's Witness church on September 5, 1964. He took his scheduled physical examination, and was found acceptable. On March 10, 1965, he was classified I-A, and mailed notice thereof on March 12. This is the classification pursuant to which he was ordered to report for induction, and from which he failed to appeal.

On April 5, 1965, the local board mailed Thompson's order to report for induction on April 21. A week later, on April 13, he requested and was granted a transfer to Oklahoma City for induction, the date to be set by the Oklahoma transfer board.

On April 23, 1965, the California local board received from Thompson a six-page letter acknowledging that he had overlooked his opportunity to appeal the I-A classification given him on March 12, requested permission to appeal, and again urged, at length, his claims as a conscientious objector, asserting that he was an ordained minister. The board replied the same day, requesting him to submit a copy of a Regular Pioneer Appointment by May 10, 1965. Thompson replied on May 5, that he was not yet a regular pioneer, due to financial obligations, but that he was a baptized Jehovah's Witness minister, ordained by public baptismal ceremony September 5, 1964. He stated that he was engaged in secular employment 44 hours per week, but that he devoted thirteen or more hours to religious activities. May 13, the board informed Thompson that the tendered information did not warrant reclassification or reopening his case, and that his appeal time was not extended. He appeared at the induction center as ordered on May 24, but refused to submit to induction.

█ Thompson contends, first, that his classification is arbitrary, capricious, and without basis in fact, and thus cannot support the induction order. Although an invalid classification may be raised as a defense to a prosecution for failure to submit to induction, Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955), judicial review of selective service classifications is very narrowly limited to the board's jurisdiction. The board's jurisdiction exists if there is basis in fact for the classification. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Capson, 347 F.2d 959 (CA 10, 1965).

The United States argues that we may not reach even that question. It is urged that Thompson may not allege an invalid classification as a defense herein, because he failed to exercise any administrative remedies to correct the board's determination. See Jeffries v. United States, 169 F.2d 86 (10th Cir. 1948).

█ We agree that failure to exhaust administrative remedies does preclude Thompson from challenging the correctness of his classification, absent exceptional and unusual circumstances underlying the failure to appeal. No such circumstances appear here. Thompson was first classified I-A November 18, 1964, over two months

after his baptism in the Jehovah's Witness church. This classification went unquestioned until he requested a conscientious objector form on February 1, 1965, nearly two months after he had been ordered to report for physical examination, and he had obtained a transfer therefor to Oklahoma City. He did not question his I-A classification of March 10, 1965, until April 23, 1965, after he had been found acceptable and ordered to report for induction. He offered no justification for his failure to appeal.[1]

█ His second contention is leveled at the adequacy of notice of appeal rights contained in the Notice of Classification, SSS Form 110, as justification for failure to appeal. This notice was expressly upheld in United States v. Capson, 347 F.2d 959 (10th Cir. 1965), cert. denied, 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163. We reject this contention for the reasons set out in that decision.

The Board was, in our opinion, clearly justified in denying appellant's request for extension of the time for appeal. Thompson had ten days from the date the Notice of Classification was mailed to him to appeal. 32 C.F.R. § 1626.2(c) (1). At any time prior to mailing the Order to Report for Induction, SSS Form 252, the board may authorize an appeal even though the time therefor has elapsed, if it is "satisfied that the failure of such person to appeal within such period was due to a lack of understanding of the right to appeal or to some cause beyond the control of such person." 32 C.F.R. § 1626.2(d). This regulation provides further, that unless the local board permits such extension, the right to appeal shall expire as provided on the Notice of Classification, SSS Form 150.

The necessity for the exhaustion of remedies is obvious. The extensive investigation often needed to determine the validity and sincerity of claimed religious objections to war is available only in the appeal process. If a local board denies a conscientious objector claim, the registrant may appeal to the Appeal Board, which will forward the file to the Department of Justice for inquiry and hearing. The registrant may appear before a hearing officer and present witnesses. The Department of Justice then makes its recommendations to the Appeal Board, whose decision is the final decision of the Selective Service System, except where an appeal to the President is taken. 50 U.S.C. App. §§ 456(j), 460(b) (3). A registrant may not willingly forego this investigatory process, whereby his claims may be vindicated if asserted with sincerity and in good faith. Given adequate notice, as here, of those appeal rights, failure to exercise them may not be excused without special and unusual circumstances justifying that failure. Mere indifference to the Notice of Classification is not such a circumstance.

Thompson argues that his request for reopening was based on new facts not theretofore before the board, and that a denial of an appeal at that time was therefore erroneous. The board considered these facts, but declined to reopen his classification.

█ As we stated in Salamy v. United States of America, 10 Cir., 379 F.2d 838, decided this date and buttressed by the holding in Witmer v. United States, supra, we consider the board's classification of Thompson and its actions taken in this case allowable under the law and not arbitrarily taken.

The conviction is affirmed.

---

1. His letter to the board received April 23, 1965, begins thus:

"Due to an oversight on my part I overlooked my opportunity to appeal my latest classification of March 12, 1965.

I was unaware of the allotted time for appeal until I conferred with the Oklahoma City Board Secretary recently. I respectfully ask for an opportunity to make such appeal at this time."