**Arthur E. CARPENTER, III**

v.

**Brig. Gen. Mike Y. HENDRIX, as State Director, Georgia Headquarters of the Selective Service System, Col. James M. Smith, as Commanding Officer, Armed Forces Examining and Entrance Station, Selective Service System Local Board No. 76, Hamilton, Harris County, Georgia, Alec Hopkins, James R. Mosely and Frank Littlefield, as Members of Local Board No. 76, Hamilton, Georgia, and James C. Jordan, as Clerk of Local Board No. 76, Hamilton, Georgia.**

**Civ. A. No. 11350.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 14, 1967.

Thomas H. Harper, Jr., Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

Plaintiff here seeks a temporary and permanent injunction staying an order of his local draft board, No. 76, Hamilton, Georgia, which ordered him to report for induction on November 15, 1967. He also seeks a declaratory judgment setting out his rights.

Plaintiff's status may be briefly summarized. A student deferment had expired in February, 1967, and plaintiff was placed in Classification 1–A by his local board. He does not dispute the correctness of this classification at that time. He was ordered to report for a pre-induction physical on August 18, 1967 at New Orleans, where he was then working. Plaintiff alleges he complied by so reporting and while on the premises of the New Orleans Customs House, distributed leaflets protesting United States military involvement in Vietnam. He alleges he was ejected from the Customs House by policemen at the instance of the

military officer in charge. He alleges he was ready, willing and able to take his physical exam and at the time stated his desire to do so.

On September 29, 1967 plaintiff received a notice of delinquency stating his "failure to cooperate for pre-induction" was a breach of duty under the Selective Service law. The notice states:

"You are hereby directed to report to this local board immediately in person or by mail or to take this notice to the local board nearest you for advice as to what you should do."

The notice also has typed in: "You may be classified in class 1–A as a delinquent and ordered to report for Induction." There is no indication that plaintiff complied with any of these directions or otherwise heeded the warning.

On October 21, 1967 plaintiff did receive from his local board an order to report for induction on November 15, 1967. Within the next twelve days plaintiff then did the following:

(1) Sought to appeal the induction notice and his classification;

(2) Requested a personal appearance before the local board;

(3) Requested a change of classification to 1–S–C (a student deferment), based on his then current attendance at LaGrange Junior College;

(4) Requested an interim postponement of induction until the completion of the academic quarter in December, 1967; and

(5) Requested his attorney be given a copy of his Selective Service file.

All these requests were denied for reasons which, on their face, appear to be within the authority of the Selective Service regulations. The Board did consider his request for postponement of induction and advised plaintiff that his attorney could review the Selective Service file kept at the local board office.

In essence, plaintiff's complaint is that he was classified as a delinquent as a result of a conspiracy to punish him for his activities in opposition to the Vietnam war. This alleged conspiracy resulted in his classification as a delinquent and an order for him to report for induction before he tried to reinstate his student deferment. The court notes in passing that plaintiff could apparently have tried to reinstate his student deferment in early September, 1967. Further, the Board's delinquency notice on its face gave plaintiff an opportunity to correct his delinquency, but there is no indication that he attempted to do so. Further, the only suggestion of conspiracy in the record is plaintiff's naked allegation.

The 1967 Amendment to the Military Selective Service Act (P.L. 90–40; 81 Stat. 100) clearly states:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under Section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction * * *." (7 U.S.Cong.News '67, p. 1348.)

The report of the Armed Services Committee of the House of Representatives of May 18, 1967, clearly spells out what this law means:

"(4) The committee was disturbed by the apparent inclination of some courts to review the classification action of local or appeal boards before the registrant had exhausted his administrative remedies. Existing law quite clearly precludes such a judicial review *until* after a registrant has been ordered to report for induction and has responded either affirmatively or negatively to such an order. In view of this inclination of the courts to prematurely inquire into the classification action of local boards, the committee has rewritten this provision of the law so as to more clearly enunciate this principle. The committee was prompted to take this action since continued disregard of this principle of the law by various courts could seriously affect the administration of the Selective Service System." (Empha-

sis supplied.) (H.R. 267, 7 U.S.Cong. News '67, pp. 1464, 1489.)

Clearly, the court has no jurisdiction to consider or grant the relief sought by plaintiff at this point. Concededly, this leaves plaintiff, and others like him, a Hobson's choice: he may report for induction or raise his points as a defense to a criminal indictment for a violation of 50 U.S.C. § 462.

The requests for a temporary injunction and for a declaratory judgment are therefore denied. The action is dismissed for lack of jurisdiction.