James Edward **BARNES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24745.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1967.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, Circuit Judge.

P. J. Townsend, Jr., City Atty., James E. Welch, Champ T. Terney, Drew, Miss., for appellant.

H. M. Ray, U. S. Atty., E. Grady Jolly, Jr., Asst. U. S. Atty., Oxford, Miss., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

This is an appeal from a conviction for wilful failure to report for and submit to induction into the armed forces.[1] Appellant seeks reversal on the theory that his classification was incorrect because the Board failed to give him a new classification based on his marriage subsequent to original classification.

██ It would serve no useful purpose in this case or for guidance in future cases to write at length on the contentions of appellant concerning the right to appeal and the right to have his case reopened. At every stage he failed to exhaust, or even avail himself of, administrative remedies. This precludes judicial review of the validity of his classification. See Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944); Bjorson v. United States, 272 F.2d 244 (9th Cir. 1959); United States v. Rumsa, 212 F.2d 927 (7th Cir.), cert. denied, 348 U.S. 838, 75 S.Ct. 36, 99 L.Ed. 661 (1954); McGahee v. United States, 163 F.2d 875 (5th Cir. 1947).

Parenthetically we note that information he furnished the Board, the content of which he claims required the Board to grant him an untimely appeal or to reopen his case though he did not request reopening, itself reveals that he was not entitled to the classification which he says the Board should have given him upon appeal or reopening.

██ There is no merit to the charge that Board procedure violated substantive due process because after it received the information furnished by appellant the Board did not convene in official and formal hearing and allow him to appear in person. There was nothing for the Board to meet about, no hearing was sought, and no request made for a personal appearance.

After notice to report for induction was issued appellant wrote the Board and for the first time claimed to be a conscientious objector. That claim is not urged on this appeal, so we do not comment on it.

Affirmed.

1. 50 U.S.C.A.App. § 462.