**Michael J. ZIGMOND, Plaintiff,**

v.

**SELECTIVE SERVICE LOCAL BOARD #16, ARLINGTON, MASSACHUSETTS, and John C. Carr, Jr., Individually and as Massachusetts State Director of Selective Service System, Defendants.**

Civ. A. No. 68–368.

United States District Court
D. Massachusetts.

May 9, 1968.

Robert H. Johnson, Joseph D. Steinfield, % Hill & Barlow, Boston, Mass., for plaintiff.

Paul F. Markham, U. S. Atty., Edward F. Harrington, Asst. U. S. Atty., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER DENYING TEMPORARY RESTRAINING ORDER

GARRITY, District Judge.

The plaintiff is a resident of Arlington, Massachusetts, scheduled for induction into the armed forces of the United States at the Boston Army Base at 8:00 A.M. on May 10, 1968, who seeks to enjoin his prospective induction on the grounds that it would be illegal under the laws and regulations of the United States Selective Service System created by Act of Congress, 62 Stat. 618, as amended, 50 App. U.S.C. § 460, and the First, Fifth and Sixth Amendments of the Constitution of the United States. Jurisdiction is invoked under 28 U.S.C. §§ 1331, 1343 and 2201. The court heard oral argument by counsel for plaintiff and defendants, on plaintiff's application for a temporary restraining order. The plaintiff offered no evidence or affidavit showing that the matter in controversy exceeds $10,000 exclusive of interest and costs but stated a factual theory in support of the jurisdictional amount which was not disputed in oral argument by defense counsel. The court, for purposes of deciding the pending motion, has assumed the existence of the requisite jurisdictional amount.

According to the verified complaint, the plaintiff reached the age of 26 years on September 1, 1967. His induction had been deferred pursuant to a II–S classification because of his status as a student until sometime in 1967. On November 16, 1967, for the sole purpose of expressing his dissent against the war in Vietnam, the plaintiff, together with numerous other persons, turned in to the Government the registration certificate and notice of classification which had been issued to him by his local draft board. In January 1968 the plaintiff was reclassified from II–S to Class I–A. On April 19, 1968 Local Board #16 sent the plaintiff a delinquency notice because of "non-possession of your registration certificate and notice of classification." On April 29, 1968 the plaintiff was ordered to report for induction on May 10, 1968. The complaint alleges that the plaintiff's local board is not presently inducting nondelinquent registrants who are 26 years of age or older.

The complaint is in two counts. The gist of Count I is that the plaintiff is being punished for non-possession of his draft card without the procedural due process guaranteed him by the Fifth and Sixth Amendments to the Constitution and in violation of his rights under the First Amendment; and that he was unlawfully declared a delinquent under § 1642.4 of the Selective Service regulations, 32 C.F.R. 1642.4(a), because possession of a draft card is not a "duty" within the meaning of this section of the regulations. Count 2 alleges in substance that the decisions and actions of the defendant Local Board #16 were all carried out to implement a directive issued on or about October 26, 1967 by General Lewis B. Hershey, National Director of the Selective Service System, which allegedly constitutes a direct threat to the First Amendment rights of registrants and creates a chilling effect upon them; and that the declaration of the plaintiff's delinquency was part of a policy of suppressing demonstrations against the Government's foreign policy.

At the hearing plaintiff's counsel emphasized that plaintiff was not claiming that his reclassification from Class II–S to I–A was unlawful. Counsel argued that the plaintiff is being treated differently from other registrants who have attained the age of 26 years,[1] not because of his non-possession of his draft card but because of his having turned in his

1. Under C.F.R. § 1631.7, non-volunteers who have attained the age of 26 years are in the fifth rank of the order of selection for induction; that is, non-volunteers over 26 are to be ordered for induction only when the four prior ranks are exhausted. However, by virtue of his being declared a delinquent, plaintiff becomes a member of the first rank which consists of all delinquents who have attained the age of 19 years.

draft card as a political protest. With reference to the limitation upon judicial review contained in 50 App. U.S.C. § 460 (b) (3) [2] counsel contended that it is inapplicable because the plaintiff makes no contention that the action of Local Board #16 was without basis in fact and concedes the propriety of his classification; and if applicable, is unconstitutional because it would deny all review of any nature to the plaintiff in violation of his rights under the First, Fifth and Sixth Amendments to the Constitution of the United States. Plaintiff's counsel furnished the court with copies of the opinion of Tenney, J., dated April 22, 1968, in Kimball et al. v. Local Board #15, New York, 283 F.Supp. 606 (S.D.N.Y.), and the petition for certiorari and memorandum of the Solicitor General of the United States and other papers in Oestereich v. Local Board #11, 390 U.S. —, 88 S.Ct. 1804, 20 L.Ed.2d 651, in which a petition for certiorari filed March 19, 1968, 36 L.W. 3375, is pending before the Supreme Court of the United States and in which the Solicitor General takes the position that the judgment below should be reversed and the cause remanded.[3]

■ The court considers that this case is governed by section 10(b) (3) of Public Law 90–40, 50 App. U.S.C. 460(b) (3), and that it may not review the defendant Local Board #16's actions of which the plaintiff complains. The plaintiff's insistence that § 10(b) (3) is inapplicable because the Board's declaration of delinquency was neither "classfication or processing" within the meaning of the section ignores the realities of the classification process. The Board's decision that the plaintiff was a delinquent was itself a type of classification in that it placed him in a special group called "delinquents" whose induction is accelerated under the provisions of C.F.R. § 1617.1. The phrase "classification or processing" is surely broad enough to cover all decisions and actions of a draft board which enter into the classification and induction process.

Plaintiff has also argued that the constitutional questions which he raises are not within the expertise of the Local Board and, as a result, § 10(b) (3) was not intended to limit the scope of the court's review with respect to such questions. However, such a reading not only leaves very few cases to which § 10(b) (3) would be applicable but also flies in the face of the clear legislative intent to strictly limit review by the courts. See Carpenter v. Hendrix, N.D.Ga., 1967, 277 F.Supp. 660, 661.

The Kimball and Oestereich cases are exceptional and distinguishable on the ground that they involve registrants who were exempted from military service by specific provisions of the Selective Service Act. To order the induction of the registrants in those cases would have been contrary to the terms of the statute. In the instant case it is apparent that Local Board #16 has complied with all pertinent provisions of the statute and regulations.

■■ Even if plaintiff were correct in his view that § 10(b) (3) does not bar the court from reviewing the Board's actions at this time, it is clear that he should not prevail on the merits. The plaintiff's contention that the require-

2. "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: Provided, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classfication assigned to such registrant." 50 App. U.S.C. § 460(b) (3).

3. In Oestereich, the United States Court of Appeals for the Tenth Circuit affirmed the decision of the District Court in dismissing plaintiff's action in which he sought to restrain his local board from undertaking his induction.

ment in C.F.R. § 1617.1 that he have personal possession of his draft card violates his First Amendment rights under the circumstances has been rejected in several cases, e. g., O'Brien v. United States, 1 Cir., 1967, 376 F.2d 538, cert. granted 389 U.S. 814, United States v. Miller, 2 Cir., 1966, 367 F.2d 72. His argument with respect to the Fifth Amendment is grounded upon the proposition that the Board's declaration of delinquency and order of induction constitute imposition of punishment and deprivation of liberty. Since all males are under a statutory duty to render military service, a postponement of that duty is a matter of grace which can be withdrawn, though not arbitrarily, by the Board. Since induction into military service is not punishment or deprivation of liberty but a duty, it is difficult to see how a declaration of delinquency and an order of induction can be punitive in character. See Kennedy v. Mendoza-Martinez, 1963, 372 U.S. 144, 168–169, 83 S.Ct. 554, 9 L. Ed.2d 644. Furthermore, the requirement that one keep his registration certificate on his person at all times is, in the court's opinion, a "duty" within the meaning of C.F.R. § 1642.4(a), the violation of which may result in a declaration of delinquency by the Board. This duty is specific, continuing and related to the overall objectives of the Selective Service Act. Cf. O'Brien v. United States, supra. In these respects, this case is distinguishable from Wolff v. Local Board #16,[4] 2 Cir., 1967, 372 F.2d 817, which involved a declaration of delinquency that was not based upon a "duty" under C.F.R. § 1642.4(a) and dealt with a statutory provision that was unduly vague.

Count II differs from Count I only insofar as plaintiff alleges that, even if he were properly declared delinquent and ordered for induction, the General Hershey directive casts a pale of unconstitutionality over the Board's actions. In the court's opinion, the directive is irrelevant. The legality of the Board's actions must be judged in terms of applicable statutes and regulations and not on the basis of a letter from the Director of the Selective Service System, the effect of which is debatable at best.[5]

The plaintiff's motion for a temporary restraining order is denied.

---

4. The court assumes *arguendo* that *Wolff* is still good law in spite of the intervening enactment of § 10(b) (3). See Note, 56 Calif.L.Rev. 448, 458 (1968).

5. The court notes that the directive appears to have been modified by a joint statement issued by General Hershey and United States Attorney General Clark. N.Y.Times, Dec. 10, 1967, at 5, col. 1.