Raymond Joseph DuVERNAY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24132.

United States Court of Appeals
Fifth Circuit.

Feb. 7, 1968.

Rehearing En Banc Denied
May 14, 1968.

Benjamin E. Smith, New Orleans, La.,
for appellant.

Richard M. Olsen, Asst. U. S. Atty.,
Louis C. LaCour, U. S. Atty., Harry F.

Connick, Asst. U. S. Atty., New Orleans, La., for appellee.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge:

Raymond Joseph DuVernay, a twenty-two year old Negro from New Orleans, Louisiana, first registered with the Selective Service in 1964. He received a student deferment and remained in a student classification until the early part of 1966 when he left Louisiana State University, New Orleans, which he had attended for one-half semester. He was reclassified I-A on January 19, 1966 by Local Board No. 42 in New Orleans. No administrative appeal was taken from the I-A classification. On April 13, 1966 he was ordered to report for induction on May 20, 1966. Subsequent to this order, he attempted to obtain first a student deferment, then a hardship deferment, and finally an occupational deferment.[1] The local board refused to grant him a personal appearance or to reopen the matter of his classification. His efforts to obtain a deferment having failed, he reported to the Induction Center on May 20 and informed the officers in charge that he would refuse to be inducted. The consequences of a refusal to be inducted were explained, but at the critical moment he declined to take the required one step forward. On August 30, 1966, he was convicted by a jury of violating the Universal Military Training and Service Act, 50 U.S.C. App. § 462, and was given a five-year sentence by the court.

On this appeal, DuVernay relies principally on the argument that the indictment against him should have been dismissed by the district court because Negroes have been systematically excluded from membership on Local Board No. 42. The Government stipulates that no Negroes have served on the local board for the last five years, and appellant accepts this stipulation as the factual basis for his argument. In addition to this contention, he alleges that he is entitled to a new trial because the local board's method of handling his case reflects a denial of due process. Finally, it is alleged that the trial judge committed reversible error when he refused to permit questions concerning the Ku Klux Klan affiliations of the man who was chairman of the board when appellant was classified I-A.

▆▆ We affirm the conviction on the ground that all of appellant's contentions are foreclosed by his failure to exhaust administrative remedies. The Selective Service Regulations, 32 C.F.R. §§ 1602–1690 (1966), provide for appeal from a local board's determination of an individual's draft status. This appellate procedure is explained on the card bearing notice of classification and can be further elucidated by local-board personnel. There is no evidence that DuVernay was unfamiliar with this procedure or was incapable of understanding it. On the contrary, the fact that he was able to correct an erroneous classification made by the board while he was still in high school indicates his awareness of the importance of taking immediate steps to correct a classification one believes to be erroneous. Yet, he made no effort to appeal his I-A classification until he received an order of induction. By this time he had waived his administrative remedies. Section 1624.1(a) of the regulations requires as a first step in the appellate process that a registrant file a written request for personal appearance before the board within ten days from the time the board mails a notice of classification. After the ten-day period has expired, there can be no personal appearance.[2] Since he waived

---

* Of the Third Circuit, sitting by designation.

1. Appellant was employed by the Social Welfare Planning Council, an anti-poverty agency.

2. 32 C.F.R. § 1624.1(a) provides as follows:
   Every registrant after his classification is determined by the local board, except a classification which is determined upon

his right to a personal appearance and his subsequent right to appeal, the only administrative avenue left open to appellant was a written request for reopening of classification based on facts not considered by the board when he was classified. This remedy is provided by Section 1625, but the board is powerless to reopen a classification after the order of induction has been mailed unless it specifically finds there has been a change in the registrant's status resulting from circumstances over which he had no control.[3] There is no evidence that DuVernay's status changed in this way after the order of induction was mailed. Thus, the mailing of the order of induction extinguished his last right of administrative appeal before he had even begun to challenge his I-A classification.

When a registrant believes he is entitled to a fair hearing on the matter of his classification, he may appear personally before the local board and thereafter may carry his case to a board of appeal and, under certain circumstances, to the President. Only when he has resorted to these administrative remedies within the prescribed time limits, has been ordered by his board to report for induction, and has obeyed that order, are the doors of the courts open to him to test the legality of his classification. Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L. Ed. 305; Barnes v. United States, 5th Cir. 1967, 387 F.2d 649; Thompson v. United States, 10th Cir. 1967, 380 F.2d 86; Woo v. United States, 9th Cir. 1965, 350 F.2d 992; Badger v. United States, 9th Cir. 1963, 322 F.2d 902, cert. denied, 1964, 376 U.S. 914, 84 S.Ct. 669, 11 L. Ed.2d 610; Frank v. United States, 9th Cir. 1956, 236 F.2d 39; Skinner v. United States, 9th Cir. 1954, 215 F.2d 767, cert. denied, 1955, 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 763; Van Bibber v. United States, 8th Cir. 1945, 151 F.2d 444. Moreover, a registrant cannot escape the requirement that administrative remedies be exhausted by complaining, as appellant does, of a lack of due process in his local-board classification. Evans v. United States, 9th Cir. 1958, 252 F. 2d 509; United States v. Garth, M.D. Alabama 1964, 239 F.Supp. 164. Since appellant failed to take administrative steps available to him before attempting a collateral attack on his classification in a prosecution for refusing to submit to induction, his contentions before this Court are foreclosed as a matter of law.[4]

It is true that in Wolff v. Selective Service Local Board No. 16, 2d Cir. 1967, 372 F.2d 817, the Second Circuit intervened in behalf of the registrants before

---

an appearance before the local board under the provisions of this part, shall have an opportunity to appear in person before the member or members of the local board designated for the purpose if he files a written request therefor within 10 days after the local board has mailed a Notice of Classification (SSS Form No. 110) to him. Such 10-day period may not be extended.

3. 32 C.F.R. § 1625.2 provides as follows: The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically find there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

4. Some courts have said that the rule requiring exhaustion of administrative remedies can be relaxed under extenuating circumstances. See, e. g., Donato v. United States, 9th Cir. 1962, 302 F.2d 468. No such circumstances have been demonstrated in this case.

administrative remedies had been exhausted because first-amendment rights of free speech and free assembly were at stake. The local board had reclassified the registrants from student-deferred to I-A because of their participation in demonstrations protesting American involvement in Viet Nam. While acknowledging the general rule that administrative remedies must be exhausted in a selective service case, the court focused on three separate factors compelling immediate judicial relief for the registrants. First, it said that first-amendment rights are not involved in the normal case, whereas in the case at bar, the very fact of the reclassification operated to curtail the exercise of these rights. Since the reclassification by the local board undoubtedly had a chilling effect on the exercise of free speech, immediate judicial action was justified. Second, it said that the registrants should not be required to perform a futile task. They were part of a larger group of demonstrators, some of whom had already appealed their reclassifications without success. The policy of local and appellate boards with respect to student demonstrators having been clearly established, it would be useless to require the appellants to exhaust administrative remedies. Finally, the court cited authority for the proposition that judicial intervention may occur at any time when a local board "acts in flagrant disregard of the applicable regulations and thus in clear excess of its jurisdiction." 372 F.2d, at 826.

Taking these three factors into account, we find no basis for departing from the general rule in the instant case. It is apparent that DuVernay was not reclassified as a penalty for exercising first-amendment rights, and it is equally apparent that it would not have been a futile gesture for him to exhaust administrative remedies. The record reveals that he always received a student classification upon timely request; and there is no reason to believe that the local board, or at least the appeal board, would not have granted another deferment if legitimate reasons had been presented within the prescribed time limits. The fact is that under the regulations, the board had no alternative but to reclassify appellant as I-A: He had dropped out of school, and his file presented no other basis for a deferment. We might add that his I-A status was determined at a time when the board had no way of knowing his race. That is, at the time of classification, there was no way of determining DuVernay's race from his file. Thus, we conclude that the board acted in accordance with the regulations. We further conclude that appellant could have obtained a deferment subsequent to his reclassification if he had taken the appropriate steps and given appropriate reasons.

Though we do not believe the reasoning of *Wolff* is applicable to the instant case, we are moved to express doubt as to the continuing validity of that decision. Congress amended 50 U.S.C. App. § 460 (b) (3) in 1967, several months after the decision in *Wolff*, in such a way as to emphasize that exhaustion of administrative remedies is a prerequisite to judicial review:

> No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant.

The purpose of the amendment is revealed by legislative history:

> The committee was disturbed by the apparent inclination of some courts to review the classification action of

local or appeal boards before the registrant had exhausted his administrative remedies. Existing law quite clearly precludes such a judicial review until after a registrant has been ordered to report for induction and has responded either affirmatively or negatively to such an order. In view of this inclination of the courts to prematurely inquire into the classification action of local boards, the committee has rewritten this provision of the law so as to more clearly enunciate this principle. The committee was prompted to take this action since continued disregard of this principle of the law by various courts could seriously affect the administration of the Selective Service System.

H.R.Rep.No. 267, 90th Cong., 1st Sess. 30–31, U.S.Code Congressional and Administrative News, pp. 1308, 1333 (1967). Faced with a factual situation almost identical to the one in *Wolff*, a district court recently held that the new amendment and its legislative history preclude judicial review before adminis-

trative remedies have been exhausted. Carpenter v. Hendrix, 277 F.Supp. 660 (N.D.Ga. December 19, 1967).[5]

In summary, we hold that the arguments advanced by appellant go to the legality of his classification and that this matter is foreclosed by his failure to exhaust administrative remedies. Even if there can be exceptions to this general requirement, which we doubt, we find no basis for making an exception to it in this case. The judgment of the district court is

Affirmed.[6]

## ON PETITION FOR REHEARING EN BANC

### PER CURIAM:

■ The Petition for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.

---

5. In United States v. Lybrand, 279 F. Supp. 74 (E.D.N.Y. January 2, 1968), a district court recently held that the new amendment does not foreclose the power of courts to consider—in a criminal prosecution for refusal to submit to induction or report for civilian work— jurisdictional errors other than those pertaining to classification. This holding would not appear to be inconsistent with the statute.

6. We note in passing that there is at least one problem with appellant's attack on the racial composition of his local draft board. Draft board members are public officers under authority derived from the President. In challenging the racial composition of the board, appellant indirectly challenges the qualifications of the present members and their *eligibility* to perform their duties. The general rule is that where one is a public officer under

color of authority derived either from election or appointment, however irregular or informal, and where he discharges his duties in behalf of the public or in public interests, his qualifications are not subject to collateral attack, as in this criminal proceeding, but must be challenged by direct attack. Ex parte Ward, 1899, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765; Jessen v. United States, 10th Cir. 1957, 242 F.2d 213; United States ex rel. Doss v. Lindsley, 7th Cir. 1945, 148 F.2d 22; United States ex rel. Watkins v. Commonwealth of Pennsylvania, W.D.Pa.1963, 214 F.Supp. 913. In United States v. Richmond, C.D.Calif. 1967, 274 F.Supp. 43, also a criminal prosecution for refusal to submit to induction, the district court held that this rule barred a collateral attack on the racial composition of the defendant's local draft board.