John Michael RYAN, Plaintiff,

v.

Lewis B. HERSHEY, as Director of the Selective Service System of the United States; Major General Adams, as Director of Selective Service System of the State of Missouri; and Alex J. Arunski, Louis T. Saffa, Robert J. Concanon, and John Sherod, as Members of Selective Service System Local Board No. 235, Defendants.

No. 69 C 361(2).

United States District Court
E. D. Missouri, E. D.

Dec. 17, 1969.

Francis L. Ruppert, Ruppert & Schlueter, St. Louis, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., Peter T. Straub, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

John Michael Ryan has filed this petition for declaratory judgment, mandamus, injunction, and temporary restraining order. The defendants are Lewis B. Hershey, Director of the Selective Service System; Major General Adams, Director of the Selective Service System of Missouri; and Alex J. Arunski, Louis T. Saffa, Robert J. Concanon, and John Sherod, members of Selective Service Board No. 235. Jurisdiction is alleged under 28 U.S.C. §§ 1331, 1361, 2201, 2282, and 2284, and under the provisions of the Selective Service Act of 1967, 50 U.S.C. App. § 451 et seq.

Plaintiff is a registrant of Local Board 235 of St. Louis County, Missouri. He registered with the Selective Service System on September 14, 1961. From that date until 1968 he had various classifications, including II–S (Student) and III–A (hardship). On December 10, 1968, plaintiff was classified III–A, because of extreme hardship to dependents. On March 4, 1969, he was reclassified I–A.

On April 28, 1969, plaintiff was found medically acceptable for military service.

On May 6, 1969, Ryan personally appeared before Local Board 235 and claimed his right to be classified III–A because of extreme hardship to dependents. Plaintiff was classified I–A by a vote of two to one. On June 30, 1969, he was classified I–A by the appropriate appeal board. On June 30, 1969, the local board mailed plaintiff an order to report for induction on July 14, 1969. On July 2, 1969, he requested and was given SSS Form 150 for conscientious objectors. This form was returned completed on July 8, 1969.

On July 9, 1969, plaintiff was advised that his induction originally scheduled for July 14, 1969, was postponed until further notice. On September 12, 1969, plaintiff requested that the local board change his classification to III–A. In support of this request, plaintiff submitted a statement from his physician indicating that his wife was pregnant, and would be confined for delivery of the child on or about May 7, 1970. On October 29, 1969, the Missouri State Headquarters of the Selective Service System informed plaintiff's employer that no error or omission had occurred in plaintiff's processing to date. A letter dated November 5, 1969, informed Ryan that the local board reviewed his file on November 4, 1969, but could find no justifiable cause for reopening his classification.

■ The first question this Court must decide is that of jurisdiction. Section 50 U.S.C. App. 460(b) (3) states:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title * * *."

The Supreme Court has held that the above-mentioned section will not sustain a literal reading. Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968);

Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968). In the Oestereich case the Court allowed pre-induction judicial review where the local board classified a divinity student I–A as a punitive measure. This action was without statutory basis and in conflict with plaintiff's right explicitly established by statute and not dependent upon an act of judgment by the board. In Gabriel the Court did not allow preinduction review of plaintiff's claim for conscientious-objector status, because an act of discretion was involved. From these two cases it would seem that judicial review is possible only when the board is refusing to grant a classification or exemption that is mandatory under the statute. If the board has any discretion, then judicial review is not possible.

In the present case the Court must examine plaintiff's allegations to determine if the acts were a breach of a mandatory duty or involved discretion. He alleges that the board had a duty to reopen his classification when he claimed status as a conscientious objector and as III–A. As previously noted, he received an induction order before he requested either of these classifications. He further alleges that he should have been given an opportunity to personally appear before the board in making his claim as a conscientious objector in accordance with Local Board Memorandum No. 41 (As Amended July 30, 1968). It is the opinion of the Court that because of 32 C.F.R. 1625.2, that memorandum applies only when making a claim as a conscientious objector before an order to report for induction. After a registrant has received an order to report for induction, his rights are governed by 32 C.F.R. 1625.2 which states in part:

" * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's

status resulting from circumstances over which the registrant had no control."

The Court will assume that the above-quoted regulation has as a minimum requirement that the local board consider whether or not to reopen a registrant's classification. But before it can reopen, it must specifically find a change of circumstances. The local board considered plaintiff's claims at a meeting, failed to find a change of circumstances over which he had no control, and so notified the plaintiff. This is the only thing the board is required to do. Had it given his claims no consideration at all, *Oestereich* might apply. It did consider the claim and found no change in circumstances. This decision would seem to be a discretionary function within the meaning of *Gabriel*. In appellate courts it has been consistently held in criminal cases that the local board does not have to reopen where the claim of conscientious objector status is made after an order to report for induction. United States v. Kanner, 416 F.2d 522 (9th Cir. 1969); United States v. Maine, 417 F.2d 951 (10th Cir. 1969); United States v. Jennison, 402 F.2d 51 (6th Cir. 1968); DuVernay v. United States, 394 F.2d 979 (5th Cir. 1968), aff'd 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306 (1969); Davis v. United States, 374 F.2d 1 (5th Cir. 1967); Parrott v. United States, 370 F.2d 388 (9th Cir. 1966), cert. denied Lawrence v. United States, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed. 625 (1967); United States v. Al-Majied Muhammad, 364 F.2d 223 (4th Cir. 1966); Keene v. United States, 266 F.2d 378 (10th Cir. 1969).

■ This case is distinguishable from Davis v. United States, 410 F.2d 89 (8th Cir. 1969), in that here the induction order was postponed and in *Davis* it was cancelled. There the Court indicated that "the board's authority to reconsider a registrant's classification is limited after the issuance of an induction order." *Id.* at 93. The board is powerless to reopen a classification after the order to report for induction has been mailed,

unless it specifically finds there has been a change in the registrant's status resulting from circumstances over which he had no control. *DuVernay*, supra, 394 F.2d at 981. In this case the board considered whether or not there had been a change in circumstances over which the registrant had no control and found that there had not been such a change. If this Court reviewed the board's reasons for not reopening, it would be reviewing an exercise of discretion which is prohibited by the *Gabriel* case. Therefore, it is the opinion of the Court that it is without jurisdiction in this matter.

■ Plaintiff's other contention involves the composition of the local board. It has stipulated that one member of the board currently lives outside of the county in which the board sits, but did live in the county at the time of his appointment. Another lives outside of the area of the board, but within the county. The statute, 50 App. U.S.C. § 460(b) (3), states that all members of the board shall reside within the county over which the board has jurisdiction. The regulations, 32 C.F.R. 1604.52(c), indicate, in addition to the statutory residency requirement, that a board member be a resident of the area over which the board has jurisdiction, if at all practicable. There is, however, no provision in the statute for attacking the actions of the local board because a member of the board lives outside the county of the board's jurisdiction. The Tenth Circuit has held that where a member of a local board lived within the county of the board's jurisdiction at the time of his appointment and later moved to another county, a registrant could not challenge the composition of the board in a criminal prosecution. The member was a de facto officer and his acts as such are valid so far as the public and third parties having an interest in them are concerned. Jessen v. United States, 242 F.2d 213 (10th Cir. 1957). It is the opinion of the Court that the qualifications of the members of the board are not subject to attack by

registrants and do not give this Court jurisdiction.

The Court adopts the foregoing as its findings of fact and conclusions of law. It is the opinion of this Court that it has no jurisdiction in this case. An order will be entered dismissing the cause.