**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jerry Allen PENNER, Defendant-**
**Appellant.**

**No. 61–69.**

United States Court of Appeals
Tenth Circuit.

Jan. 19, 1970.

Rehearing Denied March 6, 1970.

John C. Moran, Oklahoma City, Okl. (Riley Brock, Oklahoma City, Okl., and Frank Hensley, Guymon, Okl., of counsel, with him on the brief), for appellant.

Givens L. Adams, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was indicted and convicted of unlawfully failing to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C. App. § 462. Trial was had to the judge without a jury.

Appellant has taken this appeal asserting that his initial local board classification had no basis in fact and was arbitrarily made by reason of the board's policy of classifying Mennonites as I-A-O without consideration being given to each individual case, and that this failure was of due process and "tainted" subsequent proceedings. He also asserts that the Presidential Appeals Board had no basis in fact for its reclassification of him as I-A. We find no error in the procedures followed and find there was a basis in fact for appellant's ultimate classification, as did the trial court.

The scope of our review is, of course, limited as set forth in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567; Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; United States v. Capson, 347 F.2d 959 (10th Cir.); Thompson v. United States, 380 F.2d 86 (10th Cir.); United States v. Martin, 416 F.2d 44 (10th Cir.).

The record shows that appellant is at least a third generation member of the Mennonite Brethren Church. He registered with his local draft board in 1964 and claimed a conscientious objector status. He was classified initially as I-A-O, and later as II-S. He was reclassified as I-A-O in 1965 and after a personal appearance on November 4, 1965, was denied a I-O classification which he had requested. He then took an appeal to the State Appeals Board, and after a hearing held by a Department of Justice Hearing Officer under the procedure then in effect, he was classified I-A-O by the State Board on January 7, 1967. The Director of Selective Service then took an appeal to the President, and the Presidential Appeals Board classified him as I-A on June 21, 1967.

The Federal Bureau of Investigation made an investigation and its résumé was submitted to the State Appeals Board and was a part of the record going to the Presidential Board. This report contained a number of references

to appellant's personal behavior while at Tabor College, Hillsboro, Kansas, which is a church school. These incidents were derogatory and constituted departures by him in his personal behavior from the Mennonite teachings. The appellant had the opportunity to contradict or to comment on this report at the hearing on his appeal to the State Appeals Board. He made some comments on the report, but did not deny the substance of it, and but few details. The résumé stated that while at Tabor College, the appellant on weekends would drink, date girls, and sometimes spend the night with them. Some, but not all, of the persons interviewed during the FBI investigation stated in effect that in their opinion appellant was not sincere in his religious beliefs. The hearing officer on the State Board appeal concluded that appellant's training and beliefs could not be so "devout" as to military service and be disregarded as to his personal conduct. The Justice Department's résumé however stated that the hearing officer was of the opinion that appellant was sincere with respect to his belief that under no circumstances could he violate God's law by killing another human being.

The State Appeals Board, on the basis of the registrant's file including the Justice Department résumé, the FBI résumé, and appellant's response to the FBI material, classified appellant as I-A-O. As indicated above, appeal was taken to the Presidential Appeals Board and upon the same record this Board classified appellant as I-A.

█ Appellant strongly urges, as he did before the trial court, that there was a lack of due process before the local board, and this tainted all the subsequent proceedings. This due process argument is based on the proposition that the Board automatically and without any consideration classified appellant as I-A-O and disregarded his I-O claim. See United States v. Tichenor, 403 F.2d 986 (6th Cir.). However, the record does not support the basis for the argument. The offer of proof of testimony of the

secretary of the Board was to the effect that the majority of Mennonites were classified as I-A-O and that the State Board was better equipped on an appeal to make an investigation. This would not constitute a sufficient showing as to the treatment of appellant's claims had it been admitted. The facts shown do not bring this case within the decision of Quaid v. United States, 386 F.2d 25 (10th Cir.), where there was a total lack of consideration of the registrant's claim, nor within United States v. Martin, 416 F.2d 44 (10th Cir.), where there was clearly no basis in fact for the classification given by the local board and serious procedural confusion had arisen. There was a claim of prejudice by the Board but no showing was made and no assertion thereof on the appeal to the State Appeals Board.

The State Board as contemplated by the Act and the regulations conducted a de novo examination of appellant's claim and a hearing was had before a Department of Justice hearing officer at which appellant was permitted to appear, to testify, and to submit any additional data. There was also at the time in question provision for a Justice Department report to the State Board. This was under the 1948 Act and prior to the new Selective Service Act of 1967 (Public Law 90-40).

The State Board classification constituted a new and separate classification. There are several decisions from other jurisdictions on the effect of classification at stages after "appeal" has been taken from the local board which are helpful here. The most cited one of these is United States v. Chodorski, 240 F.2d 590 (7th Cir.), where it was asserted that the local board applied an erroneous rule in not allowing any members of a particular sect minister classification. The court held that the de novo nature of the consideration by the appeals board where it had the pertinent information before it would cure any such defect. See also Reed v. United States, 205 F.2d 216 (9th Cir.); United States v. Van Hook, 284 F.2d 489 (7th Cir.); De Re-

 

mer v. United States, 340 F.2d 712 (8th Cir.). On this point the appellant urges that the cases of Knox v. United States, 200 F.2d 398 (9th Cir.), and United States v. Peebles, 220 F.2d 114 (7th Cir.), are to the contrary and should instead control. In Peebles there was a showing made of bias which the court found had interfered with the appeal processes also, but we have no such facts here. Knox v. United States, supra, may be contrary to the position we take, but in any event we do not choose to follow it. See also Welsh v. United States, 404 F.2d 1078 (9th Cir.). If there was any prejudice at the local board, it is not asserted there was any originating in the State Appeals Board proceedings.

■■ Again the file and reports and résumé added before the State Board were considered by the Presidential Appeals Board. This was again a de novo consideration under the Act and the classification resulting therefrom was again a new separate one. There is no persuasive authority holding that a different conclusion cannot be reached upon the same record by the two different Boards if the basis in fact requirement is met. Thus the only remaining issue is whether there was a basis in fact for the final classification. As to this we agree with the trial court that there was, and this is demonstrated by the variety of facts, inferences, and opinions in the record relating to the sufficiency of appellant's beliefs as a conscientious objector. Sincerity must be the test, the data related to it, and it was applied. Bouziden v. United States, 251 F.2d 728 (10th Cir.); Salamy v. United States, 379 F.2d 838 (10th Cir.); Olguin v. United States, 392 F.2d 329 (10th Cir); United States v. Martin, 416 F.2d 44 (10th Cir.).

The requirement of sincerity is an obvious one, but being subjective and as indicated in Bouziden v. United States, supra, and United States v. Martin, supra, is a difficult one to apply. There was a basis in fact contained in the material in the FBI résumé of interviews, with appellant's response thereto, and in the Department of Justice résumé. These contain a variety of facts, opinions, positions, and conclusions as to appellant's sincerity. These go from one extreme to the other, but the significant ones relate to appellant's personal conduct and its relation to his religious beliefs and his beliefs as a conscientious objector. This file thus contains sufficient factual material to support the Presidential Board's I-A classification, and the basis in fact test has been met.

The appellant points out that several of the significant events referred to in the FBI summary took place while he was in Tabor College which was nearly four years before the Presidential Appeals Board and perhaps he had since changed his ways. Some of the other incidents also took place some time ago. However, as indicated above, the appellant had the opportunity to demonstrate a change in his ways before the State Board and to furnish additional data and information on this point.

Affirmed.