**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Walter Joseph COLLINS, Defendant-Appellant.**

No. 28334.

United States Court of Appeals, Fifth Circuit.

April 27, 1970.

Rehearing Denied and Rehearing En Banc Denied June 12, 1970.

Benjamin E. Smith, W. William Hodes, New Orleans, La., for defendant-appellant.

U. S. Attorney, Julian R. Murray, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM.

On June 18, 1968, the defendant Walter Joseph Collins was indicted on six counts of failing to report for and submit to induction, in violation of 50 App., United States Code, § 462. On the trial of the merits, the defendant was acquitted on Count I and was found guilty on Counts II through VI, inclusive. He was sentenced to the custody of the Attorney General for five (5) years on each count; to run concurrently. He was additionally fined a total of $2,000. We affirm.

In January of 1963, Collins registered with Selective Service System, Local Board Number 156 in New Orleans, and after presenting evidence that he was pursuing a full-time course of studies, he was given a II–S student deferment classification. By continuing to supply his Board with evidence that he was a student, the defendant maintained his II–S classification until January of 1967. Thereafter, he failed to supply the information that he was a student. In accordance with Selective Service Regulation, 32 C.F.R. § 1622.10, on January 19, 1967, Collins was classified 1–A.

The appellant was subsequently ordered for a physical examination to which he reported and passed. Thereafter, on August 17, 1967, he was sent an order to report for induction on September 15, 1967. He failed to report for induction as ordered, but on September 18, 1967, he personally appeared at his Local Board and told them that he had moved and did not receive his notice to report until after the date for reporting had passed. The Board accepted this explanation and subsequently ordered him to report on October 25, 1967. Again Collins failed to report for induction and offered his local board no explanation for his failure to report. On November 9, 1967, he was reported to the United States Attorney's

Office as being a delinquent registrant. On December 12, 1967, he personally appeared at the office of Local Board 156 and requested a Selective Service Form 150, which is a form that must be filled out by those persons, claiming to be conscientious objectors. Collins was supplied with this form, and was also personally given a new order to report for induction on December 15, 1967. Selective Service Form 150 was never returned by the registrant.

The registrant again failed to report for induction on December 15, 1967, but his local board subsequently received a letter dated December 15, 1967, from his attorney. The text of the letter read as follows:

"Selective Service System
Induction Center
Customs House Building
New Orleans, Louisiana

RE: U. S. v. Walter Joseph
Collins

Gentlemen:

Please be informed that we represent Walter Joseph Collins of 9130 Fig Street, New Orleans, Louisiana, Selective Service Number 16–156–44–259.

This man received an original induction notice for October 25, 1967. He appeared, offered himself for induction, and because he wore an anti-war button on his clothing and refused to remove it, he was denied induction and was escorted from the building by the guard.

On December 12, 1967 he was hand delivered another induction notice for induction December 15, 1967, and again he appeared on time and because he was in possession of Draft Resistors League literature and refused to surrender it to the guard, he was again denied induction and escorted from the building.

This is to inform you that Mr. Collins stands ready, willing and able to be inducted into the Armed Forces of the United States pursuant to any reasonable order of your service. He reserves the right to protest the war in any lawful fashion up to the point of his induction. Your activities and/or the activities of your guards have prevented him from being inducted. If you will inform us as to when you wish for him to appear again for induction, and assure us that he will not be subjected to harrassment (sic) by your guards and the F.B.I. so as to prevent him from being inducted, we will guarantee his appearance and his willingness to take the oath."

The defendant was given the benefit of the doubt and was re-ordered to report for induction on January 11, 1968.

Special arrangements were made for Mr. Raymond Maloney, the Local Board Coordinator, to personally escort Mr. Collins into the induction station. Mr. Maloney kept his appointment and saw to it that the defendant was personally escorted through the induction process. Despite this personal attention, the defendant, nevertheless, eloped from the induction station and declined to submit to induction. Then " * * * in the interest of giving the registrant every possible benefit of the doubt * * * ", the defendant was sent two additional notices to report for induction on February 21, 1968 and March 18, 1968. He did not report.

It was later ascertained that when the defendant eloped from the induction station on January 11, 1968, he went to Canada and then to New York, where he was subsequently arrested.

Collins at no time attempted to exercise any administrative challenge to his classification or his order to report for induction.

He moved to dismiss the indictment because "Negroes have been systematically and totally excluded from the defendant's Local Draft Board, or only tokenly included thereon; the Board was illegally constituted in that one member had moved out of its jurisdiction; counsel had not been allowed him" in any encounter with his local board; had not been given notice of his rights, immunities, duties, and liabilities by his Local

Board; had not been warned of the consequences of his acts; and had not been given a fair hearing in his encounters with the Board. The motion was denied.

In his brief on appeal, Mr. Collins states:

"For the purposes of this appeal, it is conceded that petitioner (sic) failed to report for or submit to induction on at least one occasion, and the only issues raised here involve the legality of the classification and induction orders."

A reiteration of the many decisions in this Circuit dealing with the subject matter of this appeal could serve no further precedential purpose.

We conclude that the conviction is due to be affirmed under the authority of Clay v. United States, 5 Cir., 1968, 397 F.2d 901 and DuVernay v. United States, 5 Cir., 1968, 394 F.2d 979, affirmed by an equally divided Court, 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306 (1969).

Nor do we understand that a different result is required by McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). In *McKart*, the registrant was entitled to exemption as a matter of law, hence there was no basis in fact for his classification. The record here shows that there was ample basis in fact for Collins' 1–A classification. He never challenged that classification. Prior to a notice to report he never filed a conscientious objector form. After the notice to report there was no showing of a change in circumstances justifying a reopening of the classification.

Therefore, the judgment of the District Court is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35

Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.